CURRY *v.* BURNETT and Others.

PROMISSORY NOTE.—*Assignment by former Partner in Firm Name as Collateral for Personal Debt.*—A. and B., partners, sold partnership property which they owned equally, to C. for $5,200 and dissolved partnership. B. received afterwards from C. $2,550, and one promissory note for $1,050, and one for $1,100, to the order of the late firm, in their partnership name, and A. received from C. $550; B. subsequently purchased property for $7,000, and A. and one D. became his security for that sum. B., to secure D. as his surety, assigned, in the name of the late firm, the two notes received from C., without A. consenting to said transfer. In a suit by A. to collect his share in the two notes so assigned, to which suit B., C., and D. were defendants, and in which D. by cross complaint against A. and C. demanded a recovery on the notes held by him;

*Held,* that A. was entitled to judgment against C. for $2,075 and interest from the date of sale of the partnership property; and that D. was entitled to judgment against C. for the amount remaining due on the notes executed by C. and crediting the amount recovered by A.

Curry *v.* Burnett and Others.

APPEAL from the Knox Circuit Court.

DOWNEY, C. J.—Curry sued Stephen S. Burnett, Stephen Burnett, William Burtch, and George W. Patrick. In the first paragraph of the amended complaint he alleges that Stephen S. and Stephen Burnett, on the 12th day of August, 1867, by their certain promissory note of that date, promised to pay to the plaintiff and defendant Patrick, by the name and description of Curry & Co., the sum of ten hundred and fifty dollars, setting out a copy of the note. That on the same day, by their certain other promissory note, a copy of which is also set out, they promised to pay to the plaintiff and said Patrick, the further sum of eleven hundred dollars. That said notes were the property of said Curry and Patrick, each owning one-half thereof. That Patrick undertook to assign and transfer the said notes to Burtch, by writing on the back thereof the names Curry & Co., without the consent of the plaintiff; and that Burtch claims that he is the owner thereof, and entitled to collect them from said Burnetts. That he is now entitled to have and recover from said Burnetts the one-half of the amount now due on said promissory notes; that he is the owner thereof, and that there is now due to him, on account of his interest therein, the sum of fifteen hundred dollars.

In the second count he alleges that on the 12th day of August, 1867, he and said Patrick sold their interest in the furniture factory, lumber, fixtures, etc., belonging to Curry, Patrick, and Gardner; that they sold to Stephen S. Burnett one-half of said factory, etc., for five thousand two hundred and fifty dollars; that Burnett, in a few days thereafter, paid to Patrick, on account of said sale, two thousand dollars, and in a few months thereafter the further sum of five hundred and fifty dollars. That on the said 12th day of August, 1867, the defendants, Burnetts, made the notes set out in the first paragraph; that he received on account of said sale, from said Burnett, five hundred and fifty dollars and no more; that the said notes were made to said plaintiff and Patrick by the description of Curry & Co.; that of the said notes

there is due to him two thousand dollars, with the interest thereon. That on the 20th of March, 1868, Burtch and Patrick conspired together to cheat and defraud the plaintiff out of his interest in said notes, and Patrick, for that purpose, indorsed on the back of said notes the name Curry & Co., without his knowledge or consent; and then and there delivered the said notes to said Burtch, and he, by reason of said assignment claims to be the owner thereof, and that he is entitled to collect the same. Plaintiff says that there is due to him on said notes the sum of two thousand two hundred dollars.

Wherefore he demands judgment against Stephen S. and Stephen Burnett for the sum of three thousand dollars, and that Burtch and Patrick be adjudged to have no interest in said notes, and for general relief.

After some other steps which need not be noticed, Burtch filed a cross complaint, to which he made Curry, and Patrick, and the Burnetts defendants, and in which he alleged the making of said notes, by one of which the said Burnetts agreed to pay Curry and Patrick, by their firm name of Curry & Co., eleven hundred dollars, at the banking house of R. J. Kinney & Co., in Vincennes; and by the other they agreed, in like manner, to pay one thousand and fifty dollars; that afterward he became surety for Curry and Patrick for six thousand dollars, to Valentine Keyser, and Curry and Patrick indorsed the notes of the Burnetts to him; that the note to Keyser and those executed by the Burnetts remain unpaid; that notwithstanding the said assignment, Curry claims to be entitled to said notes, and to receive the money due thereon.

Wherefore he demands judgment against said Burnetts for three thousand dollars, and that Curry be adjudged to be not entitled to said notes, nor to any of the money due thereon, but that the same be awarded to him.

Burtch answered the complaint, first, by denying the fraud charged, and alleging that Curry and Patrick were indebted to Keyser, six thousand dollars, and to secure the payment

thereof, Curry and Patrick, and this defendant, at their request, and as their surety, executed their two notes to Keyser; that Curry and Patrick indorsed the notes mentioned in the complaint, to be held by him as collateral security to indemnify him from loss on account of the suretyship; that the notes to Keyser remain unpaid; second, that on the 12th day of August, 1867, Curry and Patrick sold their interest in the furniture factory, and received part cash therefor, as alleged in the complaint, and the notes sued on for the residue of the purchase-money. That the sale was made for the purpose of forming a partnership to purchase a saw mill, etc., and carrying on the business of sawing, etc., and said partnership was then formed by said Curry and Patrick, and the notes sued on were made payable in their firm name of Curry & Co.; that afterward, in pursuance of said agreement, said Curry and Patrick, on the 20th of August, 1867, bought of Keyser a saw mill, etc., for seven thousand dollars; and to secure the payment of six thousand dollars thereof, they, with defendant as their surety, executed to Keyser their notes, dated, etc., payable, etc.; that Patrick, with the assent of Curry, promised to, and did indorse the notes mentioned in the complaint to him to indemnify him as their surety, and that the Keyser notes remain unpaid; third, that on the 20th day of August, 1867, Curry and Patrick were partners, and as such, for value received, indorsed said notes to him; fourth, for answer to so much of the complaint as charges that said Patrick received the sum of two thousand five hundred and fifty dollars, the defendant says that Curry and Patrick were partners in the purchase of a saw mill, etc., and that the money so received by said Patrick was received and expended for and on account of said partnership.

The plaintiff replied to so much of the first, second, third, and fourth paragraphs of the answer of Burtch as sets up and charges the assignment of said notes to said Burtch; that he did not assign said notes to Burtch, or authorize any other person to do so; and that he and said Patrick were not

partners, doing business under the name of Curry & Co. This paragraph was sworn to by Curry.

For reply to the first paragraph of Burtch's answer, he admits the making of the notes by him and Patrick to Keyser, but says that the said notes were given for a certain steam saw mill, etc., and when the notes were signed he and Patrick contemplated entering into partnership in the purchase of said mill; but he says that afterward, and between the 20th of August, 1867, and the 9th of September, 1867, said Burtch notified this plaintiff and said Patrick, that if said Curry was retained as one of the purchasers of said mill, etc., he would not permit said notes to be delivered to said Keyser; and that thereupon, by agreement between this plaintiff and said Patrick, and with the assent of said Burtch, the name of plaintiff was erased from said contract, and by like agreement said Patrick became the sole owner thereof, and plaintiff allowed his name to remain as surety with said Patrick on the notes to Keyser; and that he thereupon, as the agent of said Patrick, delivered said notes to said Keyser; and he says he never did at any time agree to the indorsement of the notes sued on to Burtch, but said Patrick and Burtch conspired, etc., as in the complaint.

For further reply to the first, and for reply to the second paragraph of the answer of Burtch, he admits that plaintiff and Patrick did sell to Burnett a portion of their interest in the furniture establishment, etc., of Curry, Gardner & Co., that is to say, the three-sixths thereof, for five thousand two hundred and fifty dollars; that a part was paid in cash, and appropriated as stated in the complaint; but the sale was not made for the purpose of purchasing the saw mill, etc., from Keyser, as stated in the answer, but after the sale they made an agreement with Keyser to purchase; that an agreement was drawn up and signed, and the notes for the deferred payments were also drawn up and signed, but before they were delivered to Keyser, Burtch refused to allow the notes to be delivered to Keyser if the name of Curry remained in said contract, as one of the purchasers; that thereupon, by agree-

ment, the name of said plaintiff was erased from the contract, and that of Patrick alone · retained as the purchaser. The name of plaintiff was allowed to remain on said notes as a co-surety with Burtch, and not as principal, of all of which Burtch had notice ; that on the 9th day of September, 1867, said Patrick took possession of said mill, etc., and the plaintiff worked for Patrick as his agent ; and Patrick having possession of the notes mentioned in the complaint, retained the same till on or about the 20th day of March, 1868, when he demanded them of him, about which time he indorsed the same to Burtch as aforesaid, without his consent, by indorsing on them the names, Curry & Co.; and that said pretended assignment and delivery were for the purpose of indemnifying Burtch as surety for said Patrick, and for no other purpose.

Third, he admits that the whole amount due to Keyser has not been paid, but he says that one thousand dollars has been paid to him out of the property of this plaintiff; that Patrick and Burtch have sold the said mill, etc., purchased by Patrick from said Keyser, for nine thousand dollars, and that said sum of three thousand dollars has been received by said Burtch, in cash, and six thousand dollars in notes, and accepted by him and Patrick for and on account of said sale of said property; and that said money and notes are now in the hands of Burtch, and were taken and are now held by said Burtch as collateral security to indemnify and save said Burtch harmless on account of his suretyship for said Patrick on said notes due to Keyser, and which were accepted and are held by Burtch in the room and place of said Burnett's notes.

Fourth, and for a reply to the separate answer of Burtch, the plaintiff says, that on the 20th day of August, 1867, nor on any day since then, he and said Patrick were not partners doing business under the style of Curry & Co., and did not indorse the notes sued on to said Burtch ; but Patrick, fraudulently, etc., and without any consideration whatever to him, indorsed said notes.

Fifth, for reply to the fourth paragraph of the answer of Burtch, plaintiff says, that he and Patrick were not partners as in said paragraph stated, but said Patrick was the sole owner·of said mill, and plaintiff had no interest in the same; and if said money was expended, as stated in said paragraph, it was so expended for the sole use of Patrick, and not otherwise.

· For answer to the cross complaint, Curry says: 1. The same, in substance, as the reply of Curry to the first paragraph of the answer of Burtch. 2. The same, in substance, as the third paragraph of reply to Burtch's answer. 3. Curry also answered to the cross complaint, denying the assignment of the notes by him as alleged in the cross complaint, which paragraph was also sworn to by Curry.

Burtch, for reply to the several paragraphs of the answer to his cross complaint, denied each and every material allegation thereof. The Burnetts answered the complaint by a general traverse.

There was a trial of these issues by a jury, who returned the following verdict: "We, the jury, find the issues between the plaintiff and William Burtch for the plaintiff, and as to the issues between the plaintiff and Stephen S. Burnett and Stephen Burnett, also for the plaintiff; and that there is due the plaintiff from said Stephen S. Burnett and Stephen Burnett, on account of his interest in said notes, the sum of twelve hundred and five dollars and forty-four cents; and as to the issues between William Burtch and the said Stephen S. Burnett and Stephen Burnett, we find for the defendant Burtch, and that there is due from said Stephen S. Burnett and Stephen Burnett to their co-defendant Burtch, on account of the interest assigned to him by Patrick, the sum of twelve hundred and five dollars and forty-four cents."

A new trial was asked by the plaintiff for the reasons: 1. Improperly giving charge No. 8, at the instance of the defendant, as follows: "In any event, Mr. Burtch is, in this action, entitled to recover against the Burnetts the amount of Patrick's share in the notes in controversy, without regard

to how the accounts or business may stand—the mill business between Curry and Patrick."

2. That the court erred in saying to the plaintiff's attorney, in the presence and hearing of the jury, "that it was unnecessary to make any argument to the jury in reference to the condition or state of the accounts between plaintiff Curry and defendant Patrick; that he would and did say to the jury that it made no difference how much money had been received by Patrick or Curry from defendants Burnetts on account of the sale of the furniture establishment; that in any event, plaintiff cannot recover more in this cause than one-half of the amount now due on the Burnett notes."

3. That the verdict of the jury is erroneous, in this, that the assessment in favor of the plaintiff is too small.

This motion was overruled, and judgment rendered according to the verdict of the jury.

The only error assigned is the refusal of the court to grant a new trial.

The evidence is in the record, and it is agreed by the parties that if, in the opinion of this court, said instructions do not correctly state the law as applied to the evidence, judgment may be here rendered in accordance with law, as applied to the evidence, without a new trial.

It is clear, from the evidence and the verdict of the jury, that they found, and were justified in finding, that Burtch had no valid claim on Curry's interest in the Burnett notes; otherwise they would not have found the twelve hundred and five dollars and forty-four cents in favor of Curry.

We think the circuit court misconceived the rights of the parties, and that its position with reference thereto, as enunciated in the instruction to the jury above set out, and in the remark made to the counsel for the plaintiff, is wholly untenable. The evidence shows that Curry and Patrick were equally interested in the furniture factory, and in the portion thereof sold to the Burnetts; and there is nothing in the pleadings or in the evidence, so far as they are concerned, to show that the proceeds of the sale, embracing the notes in contro-

versy, should not have been, and should not be, equally divided between them. No partnership accounts between them, growing out of their ownership of the furniture factory, are brought to light either in the pleadings or the evidence. As to the validity of the transfer of Curry's interest in the notes by Patrick to Burtch, as collateral security for the indemnity of Burtch as the security of Patrick on the note to Keyser, the jury, as we have already intimated, evidently found against that view of the case; and we think, from our examination of the evidence, that they were fully justified in so doing.

It is shown by the evidence that the price for which the interest in the furniture factory was sold was five thousand two hundred and fifty dollars. Patrick received all of the cash payment, which was two thousand dollars, and also one-half of the amount of the note which first matured, the note being for eleven hundred dollars, and the one-half of it five hundred and fifty dollars; and Curry received the other half of the amount of that note. Saying, then, that the proceeds of the note which has been paid have been equally divided between the parties, there is the two thousand dollars received by Patrick, the down payment, and the amount of the two notes yet due from the Burnetts, which is twenty-one hundred and fifty dollars, making, in all, for division, not computing interest, four thousand one hundred and fifty dollars. One-half of this amount, or two thousand and seventy-five dollars, with six per cent. interest thereon from the day of sale, August 12th, 1867, Curry should recover from the Burnetts on the notes mentioned in the complaint. Burtch, as the assignee of Patrick, should recover the residue of the amount due on said notes from the Burnetts.

The judgment of the circuit court is reversed, with costs, and the cause remanded, with instructions to the circuit court to enter judgment in accordance with this opinion, and for costs in favor of Curry.

J. C. Denny, G. G. Reiley, and W. C. Johnson, for appellant.
W. E. Niblack and W. H. DeWolf, for appellees.