## BURNETT ET AL. *v.* CURRY.

PRACTICE.—*Appeal.* — *Judgment by Agreement.* — *Supplemental Pleading.*—
Where, upon appeal, it was agreed, that if the instructions of the court below
had been erroneous as applied to the evidence, the Supreme Court should
render a proper judgment without a new trial, and this court thereupon fixed
the basis of a judgment and directed the court below to render such a judg-
ment, a party to the agreement could not, when the case was remanded, file a
supplemental answer alleging partial payment upon execution issued pending
the appeal; all the lower court could do was to enter the judgment as
directed.

APPEAL from the Knox Circuit Court.

DOWNEY, J.—This action was brought by Curry against
Stephen Burnett, Stephen S. Burnett, William Burtch, and
George W. Patrick. Its history, down to the point at which
it is alleged the error now complained of was committed,
may be found in the opinion of this court, in 36 Ind. 102.
It will there be found that, when the case was then here, it
was agreed that this court should render judgment in accord-
ance with the law, as applied to the evidence, without a new
trial, if in its opinion the instructions of the court below did
not correctly state the law as applied to the evidence. This
court, finding that the instructions in question were incorrect,
fixed the basis upon which the judgment should be rendered,
and remanded the cause to the circuit court, with instruc-
tions to render the judgment accordingly. In that court,
after the opinion of this court was entered, Stephen Burnett
and Stephen S. Burnett offered to file a supplemental
answer, stating that after the rendition of the judgment in
favor of their co-defendant Burtch and said Curry, of August
24th, 1869, to wit, on the 16th day of March, 1870, Burtch
procured execution to be issued on said judgment in his
behalf and delivered to the sheriff, that before the stay of
execution, while the judgment was in full force, etc., on the
18th day of April, 1870, they paid to the sheriff the sum of
seven hundred and ninety-six dollars, and as to the residue
of the amount due on said notes, they offered to confess

judgment. The court refused to allow the answer to be filed; the appellants excepted and have assigned the ruling as error.

We are of the opinion that the ruling of the circuit court was proper. The parties had agreed that in the event of the reversal of the case in this court, this court should render such judgment as the law, taken in connection with the facts, required. This we did, in effect, by fixing the basis on which the judgment should be rendered, and instructing the circuit court to render the judgment accordingly. That court had but one duty to perform, which was to render judgment as directed. It was, in effect, the rendition of judgment by this court. Curry had no occasion to have a *supersedeas* or stay of execution pending the appeal, when the case was here before. There was no judgment on which an execution could issue against him. If the appellants were interested in a stay of execution, they should have obtained it. The judgment in favor of Burtch having been reversed, it is probable that he will be liable to the appellants for the money collected upon it, or such part of it as they ought to recover from him. But this is not a question in this case. *Sed vide Glover* v. *Foote,* 7 Blackf. 293.

The judgment is affirmed, with costs and five per cent. damages.

*W. F. Pidgeon,* for appellants.

*J. C. Denny, G. G. Reily,* and *W. C. Johnson,* for appellee.