[No. 5496.]
[No. 3166 C. A.]

GALBREATH v. WALLRICH ET AL.

Appeal—Order for Particular Judgment—Effect—Where the mandate of 'this court directs a specific judgment, the court below must yield implicit obedience thereto. No modification of the judgment ordered will be permitted, nor any provision engrafted, which is not provided for in the mandate.—(130)

If by reason of events occurring subsequent to the judgment of this court, it becomes inequitable to carry into effect the judgment directed, an original action must be resorted to. The case of People v. Carpenter, 29 Colo., 365, distinguished.—(132)

*Appeal from Rio Grande District Court*—Hon. CHARLES C. HOLBROOK, Judge.

Messrs. HAYT, DAWSON & WRIGHT, and Mr. JESSE C. WILEY, for appellant.

Messrs. RICHARDSON & HAWKINS, for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court:

*Galbreath v. Wallrich,* 45 Colo. 537, was an appeal from a judgment rendered in an action brought by Charles A. Galbreath and Wilmot E. Broad, as co-partners, against Christian Wallrich, J. H. Kellogg and Charles A. Galbreath, to recover the balance of the purchase price for property which Galbreath and Broad claimed to have sold to Wallrich and his co-defendants. The latter, by way of defense, sought to have the contract of purchase rescinded upon the ground that they had not received the principal part of the property they had bargained to purchase. The trial court sustained this contention and rendered judgment rescinding the contract of sale, and for the purchase money which defendants had paid plaintiffs. The latter appealed, with the result that the judgment of the district court was reversed and

the cause remanded, with directions to enter judgment in favor of plaintiffs for the balance of the purchase money remaining unpaid. It will be observed that Galbreath was a vendor, as well as vendee. This arises from the fact that plaintiffs were conducting the business, and owned the property, as a firm, and in this capacity sold to the defendants, with whom Galbreath was associated as a purchaser.

It appears that when the suit was brought by plaintiffs (although not mentioned in the opinion, because not material to any question involved in the appeal), they secured the appointment of a receiver, who took possession of the property which was the subject of sale and purchase. After the cause was remanded to the trial court Wallrich and Kellogg presented their supplemental answer and cross-complaint in which they charged in substance, that after the original judgment was rendered by the trial court, the plaintiffs filed a petition for the discharge of the receiver; that they secured his discharge, and thereby secured possession of all the property involved in the litigation, and have ever since had the use and benefit of such property, have wasted and disposed of a large part of it, and have refused to account to Wallrich and Kellogg therefor. They further allege that, pursuant to the order discharging the receiver, plaintiffs elected to, and did, receive all of such property, and have resumed full and complete control thereof; and hence should not have a judgment for the balance of the purchase price as directed by the supreme court. Based on these allegations the defendants prayed that plaintiffs be adjudged not entitled to any judgment whatever, and that they, the defendants, recover from plaintiffs the amount of the purchase price paid, or, if this relief is denied, that plaintiffs be required to account for the property by them received, and "that any amount or amounts for

which the plaintiffs should, in equity and good conscience, be held responsible, shall be considered and taken to be a credit upon the judgment ordered to be entered herein, and that the proceeds arising from such judgment be ordered to be held in the registry of this court by the clerk or other officer thereof, as security for any amount or amounts so found due under said accounting, and that only the balance, if there be any balance, at the end of such accounting be turned over to the plaintiffs, and if there be no such balance in favor of the plaintiffs, but a balance in favor of the defendants, Wallrich and Kellogg, that a judgment be entered for such balance.''

Broad has departed this life, and subsequent to the judgment directed by this court, and before the issuance of a *remittitur,* which has since been duly issued and filed in the district court, an order of this court was obtained, permitting Galbreath to continue the cause as surviving partner of the firm of Galbreath & Company. Plaintiff Galbreath, as the surviving partner of the firm of Galbreath & Company, also obtained an order of the district court allowing him to proceed in his own name, and in this capacity objected to the filing of this supplemental answer and cross-complaint, and requested and moved the court to enter judgment in accordance with the mandate of this court, as directed by the *remittitur* then on file. Upon this motion the court entered the following order: ''It is ordered that said defendants be, and they are hereby, allowed to file said supplemental answer and cross-complaint; and it is further ordered that the plaintiff's motion asking that judgment be entered herein be, at the present time, refused.''

Later plaintiffs filed a motion to strike the supplemental answer and cross-complaint, based upon the ground that the matters and things therein alleged must be determined in an independent action,

(9)

and that the authority of the trial court in the premises was limited to the rendition of the judgment which the supreme court had directed. This motion was denied.

Thereafter plaintiff presented to this court his petition setting forth the foregoing facts, requesting an order commanding the district court to forthwith enter a judgment in accordance with the opinion and mandate of this court, as directed in *Galbreath v. Wallrich, supra.* On this petition a rule to show cause why the prayer thereof should not be granted was issued and served. By the pleading filed on behalf of the respondents, and the briefs of counsel, the sole question presented for our consideration is, whether or not the district court should be peremptorily ordered to enter the judgment directed by this court, thus remitting Wallrich and Kellogg to the remedy of an independent action against the plaintiff, instead of permitting them at this time to reduce the judgment ordered by this court in such sum as the allegations in their answer and cross-complaint, if established, would entitle them to, or to annul it, as they evidently seek to do. In thus speaking of the matters and things set up in the answer and cross-complaint we must not be understood as expressing any opinion as to whether or not any cause or causes of action are thereby stated.

As applicable to the facts before us, the rule is, that where the mandate of an appellate court directs a specific judgment to be entered, the tribunal to which such mandate is directed must yield obedience thereto. No modification of the judgment so directed by the appellate tribunal can be made by the trial court, nor can any provision be engrafted upon or taken from it.—Elliott on Appellate Procedure, § 576; 3 Cyc. 481; *Washburn & M. Mfg. Co. v. Chicago Wire*

*Co.,* 119 Ill. 30; *Patten Paper Co. v. Green Bay & Miss. Canal Co.,* 93 Wis. 283; *Keller v. Lewis,* 56 Cal. 466; *Wadhams v. Gay,* 83 Ill. 250; *Hughes' Appeal,* 90 Pa. St. 60; *Reems v. Dielman,* 116 La. 945.

The reason for this rule is obvious. When a particular judgment is directed by the appellate court, the lower court is not acting of its own motion, but in obedience to the order of its superior. What that superior says it shall do, it must do, and that alone. Public interests require that an end shall be put to litigation, and when a given cause has received the consideration of this court, its merits determined, and then remanded with specific directions, the court to which such mandate is directed has no power to do anything but to obey the mandate; otherwise, litigation would never be ended, and the supreme tribunal of the state would be shorn of that authority over inferior tribunals with which it is invested by our fundamental law. By permitting the filing of the supplemental answer and cross-complaint the trial court is proceeding contrary to what we directed. True, by this pleading none of the issues settled by the judgment we directed are to be relitigated, but that is not the question. We directed a particular judgment, and nothing is left for the trial court to do but to enter it. By the supplemental answer and cross-complaint it is sought to show that because something has happened since the original judgment was entered, and which was not in issue in the case, the judgment we have directed should not be rendered. To pursue this course is to ignore our mandate. Rights which may have accrued since the rendition of the original judgment, not in issue in the action in which it was rendered, are not adjudicated therein, but the trial court has no power to open or interfere with the judgment of this court in order to

settle such rights. If, since the original judgment, something has occurred which would render it inequitable to carry the judgment this court has directed into execution, resort must be had to some form of original proceeding by which appropriate relief can be secured. It cannot be done by way of defense to the entry of the judgment we have directed.—*Mackall v. Richards,* 116 U. S. 45; *Ex parte Story,* 12 Peters 339; *Young v. Thrasher,* 123 Mo. 308; *Watson v. Avery,* 3 Bush (Ky.) 635; *Morgan v. Hart,* 9 B. Monroe (Ky.) 79; *Pearson v. Carr,* 97 N. C. 194; *Burnett v. Curry,* 42 Ind. 272; *McClellan v. Crook,* 7 Gill (Md.) 333; *Fortenberry v. Frazier,* 5 Ark. 200; *Tourville v. Wabash R. R. Co.,* 148 Mo. 614; *Wabash R. R. Co. v. Tourville,* 179 U. S. 322; *Keller v. Lewis, supra.*

Cases are cited by counsel for respondents which they contend hold contrary to the rule we have announced. Perhaps some of them do, or they may be distinguished from the question we have under consideration; but however this may be, the great weight of authority sustains our conclusion on the questions presented. To permit a trial court to disobey in the least respect the mandate of this tribunal, would inevitably mar the harmony of our whole judiciary system, bring its parts into conflict, and produce disorganization, disorder, incalculable mischief and confusion, by allowing judgments which we have directed, to be modified, or questions injected into the case, after being remanded, the purpose of which would be to annul or modify the judgment which this court had directed should be rendered.

The case of *People v. Carpenter,* 29 Colo. 365, cited by counsel for respondents, is not in point. What was said in that case to the effect that trial courts are required to yield an intelligent and not a

blind obedience to the mandates of an appellate court, referred to the authority of the trial court to ascertain, by an appropriate application, from which it appeared there had been a change of parties and interests, subsequent to the original judgment, in whose favor the decree directed by this court should be entered. No question of that character is involved in the case at bar, and viewed in the light of the facts presented by the two cases, nothing is said here, or intended to be said, contrary to what was decided in the *Carpenter case.*

We have no doubt but that counsel and the court have acted in the utmost good faith; and that the presentation of the supplemental answer and cross-complaint, and the order of the court allowing it to be filed is the result of a mistaken idea with respect to the authority of the trial court, and was not prompted by any desire or intention to disobey the order regarding the judgment which we directed should be entered. To allow this course, however, to be pursued, would be contrary to the law and practice. In an independent action the trial court would have authority to grant such relief against the execution of the judgment as would be just, until the subject-matter of the independent action was adjudicated. The application of the petitioner is, therefore, granted, and a writ will issue, directing the trial court to strike the supplemental answer and cross-complaint, and to forthwith, in due course, render judgment in favor of Charles A. Galbreath, as surviving member of the firm of Galbreath & Company, in accordance with the directions contained in the opinion in *Galbreath v. Wallrich, supra.*

*Writ allowed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE WHITE concur.