## Partlow *v.* State of Indiana.

[No. 24,156. Filed December 7, 1923. Rehearing denied January 29, 1924.]

1. Criminal Law.— *New Trial.*— *Remedies.*— *Repeated New Trials.*—The legal maxim *ubi jus ibi remedium* is not so broad as to grant to a litigant new trials *ad infinitum* to establish what he may deem the justice of his cause, since there must be an end to litigation.    p. 174.

2. Criminal Law. — *Review.* — *Effect of Affirmance.* — *Writ Coram Nobis.*—*Jurisdiction.*—An affirmance of the judgment of the trial court by a court of review estops the litigant from thereafter claiming a review under writ of error *coram nobis* in the court of original jurisdiction.    pp. 174, 175.

3. Criminal Law.—*Writ of Coram Nobis.*—*Recognition in this State.*—The writ of error *coram nobis*, originated in and recognized by the common law of England is recognized in this state only by adoption of the common law, where not in conflict with any organic or statute law, and the courts of this state will therefore be governed by the precedents established by the courts of England.    p. 175.

4. Criminal Law.—*Jurisdiction.*—*When Raised.*—The question of the jurisdiction of the court below may be raised at any stage of the proceedings, upon trial or upon appeal.    p. 176.

5. Criminal Law.—*Writ of Coram Nobis.*—*Jurisdiction of Trial Court.*—A trial court, after affirmance of its judgment upon appeal, has no jurisdiction by virtue of a writ of error *coram nobis*, and hence its judgment *revocatur* would be *coram non judice*, and an appeal from its denial of such writ of error should be dismissed.    p. 176.

From Marion Criminal Court (49,895); *James A. Collins*, Judge.

John L. Partlow petitioned for a writ of error *coram nobis* in the Marion Criminal Court, after affirmance of an appeal in the Supreme Court of his conviction. From a denial of this petition, petitioner appeals. *Appeal dismissed.*

*Floyd G. Christian, Ed. V. Fitzpatrick* and *W. D. Fitzpatrick*, for appellant.

*U. S. Lesh*, Attorney-General, and *Mrs. Edward Franklin White*, Deputy Attorney-General, for the State.

TRAVIS, J.—This action, based upon petition, is for writ of error *coram nobis*, which was the common-law remedy for review of judgments based upon error of fact.

Appellant Partlow was found guilty by a jury November 20, 1919, of having received stolen goods as charged in an indictment, which was followed by a judgment of fine and imprisonment. His appeal to the Supreme Court, based upon alleged error of the trial court in overruling his motion for a new trial, was affirmed by the Supreme Court October 14, 1920 (191 Ind. 660, 128 N. E. 436), and upon the overruling of the petition for rehearing the cause was remanded to the Marion Criminal Court March 10, 1922, for the execution of the judgment of this court, affirming the judgment of the trial court. Thereafter appellant filed his petition with the Marion Criminal Court for writ of error *coram nobis* based upon error of fact, alleging therein that one of the witnesses who testified in behalf of the state in the trial of the accused upon the indictment, had, after the time had elapsed for filing a motion for a new trial, and after appeal to this court, made an affidavit that the evidence given by himself

and one other witness who, with himself, were charged with having stolen the goods which the appellant herein had been convicted of having feloniously received, was perjured. From the denial of the petition by the trial court after a trial he brings this appeal.

Although courts, as an indispensable arm of government, have existed since the beginning of recorded history, for the administration of justice, through 1, 2. and by established rules of jurisprudence, in the administration of which was the outgrowth of the maxim, *ubi jus ibi remedium* (there is no wrong without a remedy), the rule has long prevailed, that there must be an end to the litigation of a particular cause, and that an alleged injured litigant, in order to establish what he may deem the justice of the cause, may not have *de novo,* trial after trial, *ad infinitum.* The establishment of courts of justice was not, and is not now, for the purpose of promoting, but rather to end, litigation. Especially has the rule long prevailed that an affirmance of the judgment of the trial court by a court of review estops the litigant from thereafter claiming a review under writ of error *coram nobis* in the court of original jurisdiction.

The maxim quoted was not so broad as to license a litigant to run the gamut of the courts to his satisfaction; for public interest requires that litigation shall come to an end speedily; so that when a cause shall have been tried to judgment, and the merits of the trial determined upon appeal, the trial court, upon remittitur, shall have no power but to obey the judgment of the appellate court, "otherwise, litigation would never be ended, and the supreme tribunal of the state would be shorn of the authority over inferior tribunals with which it is invested by our fundamental law." *Galbreath* v. *Wallrich* (1910), 48 Colo. 127, 109 Pac. 417, 139 Am. St. 263.

Inasmuch as this writ, so far as we know, originated and was long recognized in the common law of England, the sole recognition given it in this state is by virtue of the adoption of the common law, where not in conflict with any organic or statute law. The courts of this state must be governed by the precedents established by the courts of England in relation to this writ, except where a change has been made by rulings of this court or by organic or statute law. As long ago as 1781 it was decided by the courts of England that the writ of error *coram vobis* will not lie after affirmance by the Exchequer chamber. *Burleigh* v. *Harris* (1782), 2 Strange 961; *Horne* v. *Bushel* (1782); 2 Strange 934; *Lambell* v. *Pretty John* (1781), 1 Strange 682; 3 Bacon's Abridgement (1860), p. 367; 1 Rolles' Abridgement p. 755, pl. 16.

This writ is called *coram nobis (quae coram nobis resident)* or *coram vobis (quod coram vobis resident)* according to the court in which the proceedings are, the King's bench of common pleas, and in some cases the writ is named one or the other indiscriminately. *Beaubien* v. *Hamilton* (1841), 3 Scam. (Ill.) 213.

The common-law rule denying the writ after affirmance of judgment has been adopted by the courts of last resort in some states, and has been repudiated by no state of which the court is aware. *Land* v. *Williams* (1849), 12 Smedes & Marshall (Miss.) 362, 51 Am. Dec. 117; *Latham* v. *Hodges* (1852), 35 N. C. 267; 4 C. J. p. 1148, §3156; 2 R. C. L. p. 276, §230. Although the case at bar is of first impression in this state, this court has recognized the rule, and approved it by *dictum*. *Davis* v. *Binford* (1880), 70 Ind. 44.

The petition was tried upon its merits in the court below without demurrer for want of jurisdiction or facts. The question of jurisdiction of the court below

Riverside Coal Co. *v.* No. Indianapolis, etc., Works—194 Ind. 176.

was first raised in this court. Jurisdiction may
4. be raised in any stage of the proceedings, either upon trial, or upon appeal.

The trial court had no jurisdiction by virtue of the ·petition for writ of error *coram nobis*; and being without jurisdiction, a judgment *revocatur* by it
5. would have been *coram non judice*; wherefore the appeal ought to be dismissed.

The appeal is dismissed.