No. 12,884.

TOLL *v.* CASEY ET AL.

(18 P. [2d] 310)

Decided November 14, 1932.   Rehearing denied December 12, 1932.

Mr. OLIVER TOLL, pro se.

Messrs. EWING & ARNOLD, for defendants in error.

MR. JUSTICE HILLIARD delivered the opinion of the court.

THIS review grows out of the refusal of the trial court, on receipt of remittitur from this court in *Toll v. Peck,* 88 Colo. 582, 299 Pac. 14, to allow Toll to broaden the issues and introduce a Mrs. McKenzie as a party defendant.   The facts are stated in the opinion on the former examination, but to make this opinion complete it is necessary to retell the story, at least in part.   It appears that one Charles D. McKenzie purchased real property in Denver to which he received warranty deed; that the purchase price, $8,200, with the exception of $200 or

$8,000, McKenzie borrowed from Casey, the only defendant in error materially interested in this litigation, to secure which McKenzie made Casey beneficiary in a deed of trust on the property, running to defendant in error Peck, as public trustee; that the trust deed was recorded timely, but for some unexplained reason McKenzie's title deed was never recorded; that some three years after the original transaction, McKenzie, who had reduced his debt to Casey to $5,000, departed this life, leaving surviving his widow and two minor children; that after the death of McKenzie, Casey went to the assistance of Mrs. McKenzie in an endeavor to ascertain the condition of her husband's affairs, and for the first time they became advised that the deed to McKenzie had not been recorded. The circumstances thus appearing, and the grantor to McKenzie continuing in being, Casey, a layman, not in bad faith, as we perceive, but in mistaken judgment, conceived that if the grantor to McKenzie were willing, a friendly service would be to procure from her a deed to Mrs. McKenzie in exchange for the surrender and destruction of the earlier unrecorded deed. Such grantor acquiesced, received back the deed which she had given to McKenzie and executed a new one to Mrs. McKenzie; that Casey then released the original trust deed given by McKenzie and took from Mrs. McKenzie her note in the sum of the balance mentioned, to secure which she executed a trust deed on the property involved. Subsequently Toll bought the property from Mrs. McKenzie, received her warranty deed, subject to the Casey encumbrance, and paid Mrs. McKenzie the difference between the encumbrance and the purchase price. Soon after Toll became the owner he paid $1,000 on the Casey loan, and while he and Casey were talking, the latter related how he had effected a simple and inexpensive solution of the disposition of the McKenzie estate, confiding to Toll the facts we have narrated. Toll was concerned, and lost no time in explaining to Casey, and Mrs. McKenzie as well, that what had been done was

potentially inimical to him, as well as in violation of the rights of the McKenzie minor children, and demanded that at their own expense they proceed to make Toll's apparently good title merchantable in fact. A further complication was that McKenzie had left a will, which, while it provided that his estate should go to Mrs. McKenzie, having been executed prior to the birth of the McKenzie children, was deemed not binding on them; and the will had been withheld from probate. A contract was thereupon entered into between Casey and Mrs. McKenzie, and Toll, whereby, generally, Casey and Mrs. McKenzie agreed to cause the will to be admitted to probate, in which proceeding the property Toll had purchased from Mrs. McKenzie would be scheduled as of the assets of the deceased, to be appraised and sold in accordance with law, and supply Toll, who was to make purchase, with funds necessary to that end, and institute guardianship proceedings for the minors. Casey and Mrs. McKenzie further agreed that they would pay all expense attending such proceedings, including $125 in each proceeding to an attorney of Toll's selection, who would represent him. At the instance of Mrs. McKenzie, and without expense to Toll, the will was admitted to probate, the property was scheduled, appraisement had, and sale made as agreed, Toll making purchase, and for the price he paid in the first instance; and in the same court, no expense to Toll attending, Mrs. McKenzie qualified as guardian of the minors' estate. When the McKenzie estate proper was closed, Mrs. McKenzie, as the representative thereof, accounted for the sale price of the property, and in her capacity as guardian receipted for the minors' share, and personally for her own share. Both proceedings were approved in the county court, and in *Toll v. McKenzie,* consolidated for review with *Toll v. Peck, supra,* such approval was affirmed.

In the meantime Casey's note, secured by trust deed against the property, accounted for in the purchase price, having matured, was not paid. Seeking to realize his

claim Casey, through the public trustee, defendant in error Peck, instituted foreclosure proceedings, to prevent which Toll sought injunctive relief. The adverse holding to Toll in the district court resulted in the first review. Toll urged many errors there, to detail which would serve no useful purpose. Suffice to say, as appears in the reported case, the judgment, with designated modifications, calculated to afford Toll full equity, was affirmed. Casey's right to realize on his note and security could not be denied, but since the record did not clearly disclose whether he had given Toll credit for all payments, or paid the agreed attorney's fees in the two county court proceedings, $250, or recorded the probate proceedings showing sale, or caused the abstract indicating the requisite entries to be certified, we directed the trial court to make ascertainment relative thereto, and in the sum of payments made by Toll and not credited, if any, plus attorney's fees, if not paid, to reduce the amount otherwise due Casey on the Mrs. McKenzie note; and that Casey show compliance with the other mentioned obligations of his contract. The judgment in favor of Casey in Toll's injunction suit in other particulars was affirmed.

When remittitur reached the district court, Toll, by formal petition, sought to have other items of alleged damage determined and to make Mrs. McKenzie a party defendant. The court denied the petition, and received testimony in clarification of the points set forth in our mandate. From the testimony it appeared, and the court found, that Casey had credited Toll with all payments made, but since neither he nor Mrs. McKenzie had paid Toll $250, as and for his attorney's fees of $125 in each of the two probate court proceedings, as agreed in their contract, the court adjudged that Casey's claim should stand reduced in that sum. The evidence showed recordation of probate proceedings and certification of abstract of title, as agreed by Casey and Mrs. McKenzie. In brief, the court proceeded as we had directed, and since

no error appears in the findings and judgment in the matters to which the court was to give further consideration, the whole case has reached finality. *Denver & S. L. Co. v. C. B. & Q. Co.,* 67 Colo. 155, 185 Pac. 817; *People v. District Court,* 63 Colo. 511, 168 Pac. 260; *Galbreath v. Wallrich,* 48 Colo. 127, 109 Pac. 417; *Stewart v. Salamon,* 97 U. S. 361.

The judgment is affirmed.