## WOODROME v. BURTON
### No. 2171.

Court of Civil Appeals of Texas. Eastland.
Sept. 19, 1941.

F. W. Bartlett, Jr., and J. H. Mayo, both of Dallas, for appellant.

Grady Niblo, of Dallas, for appellee.

GRISSOM, Justice.

L. E. Burton and wife purchased a house and lot for $3,250. The deed showed both Burton and his wife as grantees. At the inception of the Burton's title, Mr. Burton paid $1,000 out of his separate funds as a part of the purchase price. The balance of the purchase price ($2,250) was evidenced by a vendor's lien note payable in 75 monthly installments, $30 principal and the accrued interest being due monthly. The note was signed by both Burton and his wife. L. E. Burton later paid $700 out of his separate estate on the note and the balance was paid out of the community estate.

After Mrs. Burton's death, Otis A. Woodrome, the only child of Mrs. Burton, filed this suit in trespass to try title to said property against his stepfather, L. E. Burton. Woodrome was joined as plaintiff by Jim T. Douglas, to whom Woodrome had assigned a one-fourth interest in his share in said property.

Upon a trial to the court, the court held and rendered judgment, in effect, as follows: That Burton was the owner of an undivided one-half interest in the lot, and, in addition, was entitled to a lien in his favor in the sum of $1,700 against the one-half interest in the lot awarded to plaintiffs; and, further, that defendant was entitled to occupy the lot as his homestead until it was abandoned, or defendant died. From this judgment Woodrome has appealed.

We are of the opinion the court erred in holding that the entire property belonged to the community estate of Burton and his wife, and that Burton now owns a one-half interest therein and, in addition, is entitled to a lien to secure the payment of $1,700 out of the one-half interest awarded to plaintiffs.

 The status of the property as community or separate was fixed by the facts that existed at the inception of title in the Burtons. 1000/3250th interest in the property belonged to L. E. Burton's separate estate. The purchase price being $3,250, Burton, by paying $1,000 out of his separate estate on the purchase price at the inception of the title, acquired, as his separate property, 1000/3250th interest in the property, and the balance of the purchase price ($2,250), being a community obligation, the community estate of Burton and his wife acquired a 2250/3250th interest therein. The status of said property as community or separate was not affected by the fact that thereafter Burton paid $700 on the note out of his separate estate. Burton thereby became entitled only to a charge upon the entire community estate to secure the repayment of the $700. This charge was not properly a charge against the one-half of the community estate acquired by inheritance by the plaintiff Woodrome, but constituted a charge against the entire community estate. Gleich v. Bongio, 128 Tex. 606, 99 S.W.2d 881, 883; John Hancock Mut. Life Ins. Co. v. Bennett, 133 Tex. 450, 128 S.W.2d 791; Art. 2578, R.S.1925. No contention is presented that the court erred in finding that the property is the homestead of the defendant Burton and not subject to partition during his lifetime, unless abandoned.

The judgment is reformed so as to award title to an undivided 1000/3250th interest in Burton, as his separate property, and the remaining 2250/3250th interest is awarded one-half to plaintiffs and one-half to Burton, with a charge against said entire latter interest in the sum of $700 in favor of the defendant Burton. As so reformed, the judgment is affirmed.