## PUCKETT v. PUCKETT.

### No. 6311.

Court of Civil Appeals of Texas. Texarkana.

Oct. 16, 1947.

Cunningham, Lipscomb & Cole, of Bonham, for appellant.

Couch & Couch and Myrtle Hancock, all of Bonham, for appellee.

HARVEY, Justice.

This is an appeal from a portion of the judgment entered in a non-jury divorce suit in which appellant, plaintiff below, assigns error to the action of the trial court in partitioning certain real estate between her and appellee, the defendant in the court below. No question is raised with respect to the decree of divorce entered by the trial court nor in regard to his disposition of personal property involved in the case.

It appears from the record in this case that appellant and appellee were married April 26, 1920, and separated June 28, 1944. On September 5, 1936, the tract of land in controversy, being Lots 47 and 48, Block 14, Stephens Addition to the city of Bonham, was acquired by deed from C. W. Marshall for a consideration of $800 and the payment of the taxes due for that year, of which consideration the trial court found, with support in the evidence, that $750 was paid by Earnest, appellee, from his separate funds, and $50 and the taxes were paid from the community estate of himself and his wife. The court also found that since the acquisition of this property improvements were made thereon with community funds in an amount approximately equal to the original consideration of $750, and in adjusting the equities of the husband and wife in this real estate upon the dissolution of the marital relationship, he awarded Earnest Puckett a one-half interest in the lots in controversy as his separate estate and the other one-half was declared the community estate of himself and wife. Thus, upon the basis of this finding, it will be noted that Puckett's separate and community interest together amounted to three-fourths of the total estate, and his wife's community interest was the remaining one-fourth of the property. The court further found that the total value of the lots in

question at the time of the divorce decree was $4,000, a value of $2,500 being placed on the west lot and a value of $1,500 placed on the east lot; that taking into consideration the sums expended upon the lots out of the community estate as improvements, the wife was entitled to about $1,000 equity in the realty and the husband entitled to approximately $3,000. These amounts included the enhancement in value of the lots, which increase in value was awarded to the parties in proportion to their respective shares as found by the court to be owned by each of the parties. The court then proceeded to set aside the west lot valued at $2,500 to Puckett, and ordered the east lot, valued at $1,500, sold and one-third of the proceeds to be paid to Puckett and the remaining two-thirds to his wife.

Appellant takes the position that the trial court committed error in finding that the two lots were partly separate and partly community estate, and in not holding that all of the lots were community estate, subject to a charge in favor of Puckett for the repayment of the portion of the consideration paid by him out of his separate funds at the time the lots were purchased. While our statute, art. 4638, Revised Civil Statutes of Texas 1925, provides that in adjusting property rights in a divorce case the court shall not compel a divestiture of the title of either party to real estate, and the decisions are in conformity therewith, still this statute has no application in the instant case. It is now the accepted rule that in adjusting equities of the parties in a divorce proceeding separate property should be restored to its owners respectively, and that such division of the community be made as would be just under the circumstances. 15 Tex.Jur., page 586, Sec. 109. In partitioning the community estate, either in kind or by a sale and partition of the proceeds, there is no divesting of title to such real estate within the meaning of the above statute; it is purely a division of realty as between those who have title thereto. The trial court correctly held that the status of the two lots involved was in part the separate estate of Puckett and in part community estate by reason of the source of the funds with which

the lots were purchased and the improvements made thereon. In other words, 750/800 interest belonged to the separate estate of Puckett and 50/800 interest belonged to the community estate of him and his wife, the status of the property being fixed as of the time of the inception of title. Colden v. Alexander, 141 Tex. 134, 171 S.W.2d 328. The case of Gleich v. Bongio, 128 Tex. 606, 99 S.W.2d 881, 882, quotes with approval the rule of law as stated in 31 C.J., p. 40, Sec. 1132: "Generally purchases made partly with separate and partly with community funds will be community property to the extent and in the proportion that the consideration is furnished by the community, the spouse supplying the separate funds having a separate interest therein to the amount of his or her investment, the tenure of the whole property in such cases being by way of a sort of tenancy in common between the separate and/community estates." See, also, 41 C.J.S., Husband and Wife, § 484.

See, also, the case of Woodrome v. Burton, Tex.Civ.App., 154 S.W.2d 665. In view of the further finding by the trial court that the enhanced value of the property was $4,000 at the time of the trial, and that $700 of community funds had been invested in improvements on the lots, in addition to the $50 payment on the purchase price, followed by his adjusting the equities between the parties by awarding three-fourths of the value of the property to Puckett and one-fourth to his wife, the presumption in favor of the judgment, absent a finding in regard thereto, is that the enhancement in value of the lots was due to the improvements placed on them by community funds in an amount equal to the equity as found by the court to belong to the community estate. In adjusting property rights in a divorce suit where community funds have been expended in improving the separate estate of one of the parties, as in the instant case, the increased value of the land as of the time of the trial, and not the cost of the improvements, is the controlling factor in making a proper partition of the equities involved. Lynch v. Lynch, Tex.Civ.App., 130 S.W. 461; 41 C.J.S., Husband and Wife, § 510(5); Dakan v. Dakan, 125 Tex. 305,

83 S.W.2d 620. A very wide discretion is conferred upon trial courts in adjusting equities and in making partition of community property upon a dissolution of the marital relationship. Mathematical exactness is not required in making the partition, and the court may take into consideration any facts and circumstances that might have a bearing upon arriving at a just and righteous settlement of such property rights. Art. 4638, R.C.S. of Texas 1925; Dakan v. Dakan, supra; Simons v. Simons, 23 Tex. 344.

We are of the opinion that the pleading filed by Puckett in the court below to the effect that the property was his separate estate, and was purchased with money belonging to his separate estate, was a sufficient predicate upon which to base the court's finding and judgment to the effect that $750 of his separate funds was paid on the purchase price of the lots in question.

There being no error presented in this appeal, the judgment of the trial court is affirmed.