**PERKINS v. PERKINS.**

No. 15352.

Court of Civil Appeals of Texas.
Fort Worth.

May 30, 1952.

Richard Owens, Fort Worth, for appellant.

J. O. Hughes and A. D. Solsbery, Fort Worth, for appellee.

RENFRO, Justice.

Appellant, A. O. Perkins, appeals from a district court judgment which granted his wife, Eva Perkins, a divorce and made

disposition of the community and separate property.

Appellant first contends the evidence was not sufficient to entitle appellee to a divorce and the court erred in granting such decree.

■ Appellee testified at great length to indignities and abuses inflicted upon her by her husband and her testimony was corroborated by that of her two adult daughters. No useful purpose can be served by detailing the evidence. It is sufficient to say it supports the trial court's judgment. The point of error is overruled.

The parties were married in 1920. In 1924, they acquired a certain tract of real estate in Tarrant County. The consideration was $1,500 cash, and the trial court found that $750 of said purchase price was paid out of the separate funds of the appellant. In his judgment he ordered the property sold and impressed said property with an equitable lien in favor of appellant for said amount of $750. Neither party objects to the sale.

By proper point of error, appellant contends that as the trial court found one-half of the purchase price for said tract of land was paid out of appellant's separate funds, the court should have awarded appellant one-half of said tract as his separate property.

■ The character of property, whether separate or community, is fixed at the very time of acquisition. Colden v. Alexander, 141 Tex. 134, 171 S.W.2d 328; Law of Marital Rights in Texas, Speer, pp. 458, 489 and 524.

In Gleich v. Bongio, 128 Tex. 606, 99 S.W.2d 881, Judge Hickman (now Chief Justice) stated that it has long been established in Texas that acquisition of property purchased partly with community funds and partly with separate funds of one of the spouses has the effect of creating a kind of tenancy in common between the separate and community estates, *each owning an interest in the proportion that it supplies the consideration.* (Emphasis ours.) To the same effect is the holding in John Hancock Mutual Life Insurance Co. v. Bennett, 133 Tex. 450, 128 S.W.2d 791.

In Puckett v. Puckett, Tex. Civ. App., 205 S.W.2d 124, the facts are very similar to the facts in the instant case. In that case the husband had paid $750 out of his separate funds on a total consideration of $800 for the property therein involved. The court held it is now the accepted rule that in adjusting equities of the parties in a divorce proceeding, the separate property should be restored to its owners respectively and that division of the community be made as would be just under the circumstances, citing 15 Tex. Jur., sec. 109, p. 586, and held that the trial court properly awarded the husband 750/800ths interest as his separate estate.

In the instant case, the status of the property as community or separate was fixed by the facts that existed at the time of the inception of title in the Perkins 750/1500ths or one-half interest in the property belonged to A. O. Perkins' separate estate. The purchase price being $1,500; Perkins, by paying $750 out of his separate estate on the purchase price at the inception of the title, acquired as his separate property 750/1500ths interest in the property, and the balance being paid out of community funds, the community estate of Perkins and wife acquired the remaining 750/1500ths interest. Woodrome v. Burton, Tex. Civ. App., 154 S.W.2d 665; Gleich v. Bongio, supra.

■ We sustain the point of error. The judgment is hereby reformed so as to award title to an undivided 750/1500ths interest in A. O. Perkins as his separate property and the remaining 750/1500ths interest is awarded one-half to Perkins and one-half to Mrs. Perkins, and when said property is sold in accordance with the trial court's judgment, the proceeds shall be paid in accordance herewith.

■ In his third point of error appellant contends that in addition to the $750 heretofore mentioned, $400 more of the purchase price was paid out of funds belonging to the separate estate of Perkins. On conflicting evidence the trial court found against appellant's contention in this respect, and the point of error is therefore overruled.

The judgment of the trial court is reformed as hereinabove indicated and, as reformed, affirmed.