Henry B. Penix, Wichita Falls, Williford & Williford, Fairfield, for appellants.

Bowlen Bond, Teague, for appellees.

McDONALD, Justice.

This is a case involving the care and custody of two minor children, whose parents had been previously divorced. The father of the children filed suit against the children's mother, and grandparents, who had previously been awarded custody. Appellees, an uncle and aunt of the children, intervened, seeking custody for themselves. From a judgment of the trial court, finding that it was to the best interest of the children that their care and custody be awarded to their uncle and aunt, and so awarding same, the mother appeals.

The transcript and statement of facts from the trial court were filed in this court on July 1, 1947. The case was set for submission and for oral argument for October 9, 1947, upon which date it was postponed indefinitely by agreement of counsel. Neither party has filed any brief in the case, and no request has been made by either party for any action to be taken since October 9, 1947.

Since no effort has been made to prosecute this appeal for almost six years, there is no reason why this court should continue indefinitely to carry the case on its docket, and to report the same from time to time as a pending suit.

Therefore this appeal is dismissed for want of prosecution and the costs incident thereto are taxed against appellants.

---

PERKINS v. PERKINS.

No. 15417.

Court of Civil Appeals of Texas.
Fort Worth.
March 13, 1953.

Rehearing Denied April 17, 1953.

Richard Owens, of Fort Worth, for appellant.

J. O. Hughes, of Fort Worth, for appellee.

BOYD, Justice.

In this case, the trial court entered a decree for divorce and partition, finding all the personal property involved to be community property of the parties; a 47 acre tract of land to be the separate property of appellant, a 66 acre tract to be the community homestead, and that appellant was entitled to an equitable lien on the 66 acre tract for $750 paid from his separate funds on the total consideration of $1,500. Different articles of personal property were awarded to the respective parties, and it was found that the real property and livestock were incapable of a fair and equitable partition in kind and that such property should be sold and the proceeds partitioned, and that a receiver should be appointed to take possession of and sell the same.

Upon appeal by this appellant, this court reformed the judgment of the trial court so as to award to appellant one-half of the 66 acre tract as his separate property, and in all other respects the decree of the trial court was affirmed, 249 S.W.2d 681, this court's judgment providing that "when said property is sold in accordance with the trial court's judgment, the proceeds shall be paid in accordance herewith. * * *" The judgment of the Court of Civil Appeals became final on June 16, 1952, and the mandate was issued and filed in the trial court on June 28, 1952, and the term of that court ended on August 2, 1952.

On September 23, 1952, this appellee filed a motion in the trial court setting up that the Court of Civil Appeals had reformed the original judgment and that such judgment was now final, and that the real property should be partitioned, setting aside to the appellant his one-half and the other one-half to the community estate. Prayer was for commissioners to be appointed to partition the real property in accordance with the decree and to appoint a receiver to sell the property set aside to the community estate. On December 17, 1952, the trial court entered an order appointing a receiver, in which it was recited that the parties appeared in person and by counsel and that no evidence was introduced on said motion, but that the court was of the opinion that a receiver should be appointed "in accordance with the judgment and decree herein," and appointed a receiver to take charge of the 66 acres of land, describing it by metes and bounds, and all livestock belonging to plaintiff and defendant, and sell the same for cash. This is an attempted appeal from that order.

The points for reversal are (1) that after the judgment of this court became final, title to the property involved was vested in the parties as tenants in common, and the trial court was without jurisdiction, or motion of appellee, to enter the order appointing a receiver to take charge of and sell the property; (2) that said order as to the livestock is too vague and indefinite to identify the same; and (3) that the trial court erred in making said order without any evidence from which to determine that the property was incapable of partition.

It is too late to complain of the sufficiency of the description of the livestock, as it follows that contained in the original judgment, and since the original judgment found that the community real estate and livestock were incapable of equitable partition, it was not necessary for the court to hear further evidence on that issue.

Appellant cites several authorities for the proposition that the trial court had no jurisdiction to enter the order complained of, all of which we have examined, and none of which we think supports his contention when applied to the exact situation reflected by this record.

We have concluded that the order is not reviewable, and that the appeal must be dismissed.

While the trial court may have been without jurisdiction to hear and determine appellee's motion, it was not without jurisdiction to obey the mandate of the appellate court. And it was its duty to do that and no more. This duty existed irrespective of any motion. Partlow v. State of Indiana, 194 Ind. 172, 141 N.E. 513, 30 A.L.R. 1414; Wier v. Yates, Tex.Civ.App., 256 S.W. 636; 4 C.J.S., Appeal and Error, § 137, p. 285; 5 C.J.S., Appeal and Error, § 1966, p. 1512; 2 Am.Jur., p. 912, sec. 104; Apex Transportation Co. v. Garbade, 32 Or. 582, 54 P. 367, 882, 62 L.R.A. 513. The original judgment was suspended by the first appeal, but when it was reformed and affirmed, the rights of the parties were adjudicated, and the judgment could then be enforced. The trial court has no alternative but to follow the judgment of the appellate court and its orders in compliance therewith are not reviewable. Alexander v. Stanolind Oil & Gas Co., Tex.Civ.App., 192 S.W.2d 781. In Krantz v. Rio Grande Western Ry. Co., 13 Utah 1, 43 P. 623, 624, 32 L.R.A. 828 the court said: "* * * this rule is not only in accordance with authority, but is founded on reason and justice, for, if successive appeals were allowed on the same state of the record, there would be no end to litigation and appeals, and the courts themselves could be turned into instruments of injustice by an obstinate litigant. * * *" In

Stewart v. Salamon, 97 U.S. 361, 24 L.Ed. 1044, it is said: "An appeal will not be entertained by this court from a decree entered in the circuit or other inferior court, in exact accordance with our mandate upon a previous appeal. Such a decree, when entered, is in effect our decree, and the appeal would be from ourselves to ourselves. * * *"

The appeal is dismissed.