COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-108-CV
   
  
DENTON COUNTY                                                                 APPELLANT
 
V.
 
TARRANT COUNTY                                                                  APPELLEE
 
  
------------
 
FROM THE 43RD DISTRICT COURT OF PARKER COUNTY
 
------------
 
OPINION
 
------------
        Appellee 
Tarrant County filed a motion to dismiss this appeal for want of jurisdiction 
because appellant Denton County is attempting to appeal from a nonappealable 
order.  We agree and dismiss the appeal for want of jurisdiction.
        In 
1997, Tarrant County sued Denton County under chapter 72 of the Texas Local 
Government Code to establish their common boundary line.  See Tex. Loc. Gov’t Code Ann. § 72.009(a) 
(Vernon 1999).  In 2002, we reversed a trial court judgment for Denton 
County, rendered judgment in favor of Tarrant County, and, pursuant to the 
mandates of section 72.009(b), remanded with instructions to the trial court to 
declare the true boundary line, as defined in our opinion, and to have the 
boundary line resurveyed. Id. § 72.009(b); Tarrant County v. Denton 
County, 87 S.W.3d 159, 179-80 (Tex. App.—Fort Worth 2002, pet. 
denied).  On remand, the trial court signed a modified and corrected 
judgment, which Tarrant County argues gives effect to our opinion, judgment, and 
mandate.  Denton County disagrees, asserting that our opinion, judgment, 
and mandate do not address the entire boundary line, and thus it is entitled to 
relitigate the boundary line dispute on remand.
        When 
an appellate court affirms a trial court’s judgment or renders the judgment 
that the trial court should have rendered, that judgment becomes the judgment of 
both courts.  Cook v. Cameron, 733 S.W.2d 137, 139 (Tex. 1987) (op. 
on reh’g); Dallas County v. Sweitzer, 971 S.W.2d 629, 630 (Tex. 
App.—Dallas 1998, no pet.).  The trial court has no jurisdiction to 
review or interpret the appellate court’s judgment. It must observe and carry 
out the mandate of the appellate court, and its orders carrying out the mandate 
are ministerial.  Cook, 733 S.W.2d at 139; Truck Ins. Exchange v. 
Robertson, 89 S.W.2d 261, 263 (Tex. App.—Fort Worth 2002, no pet.).
        When 
an appellate court remands a case with specific instructions, the trial court is 
limited to complying with the instructions and cannot relitigate issues 
controverted at the former trial.  Kahn v. Seely, 37 S.W.3d 86, 88 
(Tex. App.—San Antonio 2000, no pet.); Ballard v.Cantrell, 597 S.W.2d 
41, 42 (Tex. Civ. App.—Fort Worth 1980, writ ref’d n.r.e.).  The trial 
court’s authority is limited to only those issues specified in the 
mandate.  Martin v. Credit Prot. Ass’n, Inc., 824 S.W.2d 254, 256 
(Tex. App.—Dallas 1992, no writ).  In interpreting the mandate of an 
appellate court, the trial court looks not only to the mandate itself but also 
to the appellate court’s opinion.  Truck Ins. Exchange, 89 S.W.3d 
at 263.  The trial court is given a reasonable amount of discretion in 
complying with the mandate.  Austin Transp. Study Policy Advisory Comm. 
v. Sierra Club, 843 S.W.2d 683, 690 (Tex. App.—Austin 1992, writ 
denied).  The trial court has no alternative but to follow the appellate 
court’s mandate, and its orders in compliance with the mandate are not 
reviewable.  Perkins v. Perkins, 256 S.W.2d 648, 649 (Tex. Civ. 
App.—Fort Worth 1953, pet. dism’d).
        The 
mandate in this case stated, in pertinent part, the following:
 
It is 
ordered that the trial court’s judgment in favor of Denton County is reversed 
and we render judgment in favor of Tarrant County based upon the validity of the 
Interlocal Cooperation Agreement and the counties’ orders approving the 
agreement and the surveys made as a result of the agreement. We sustain Tarrant 
County’s issues regarding attorney’s fees and surveying expenses and render 
judgment in its favor. We remand the case to the trial court for entry of a 
judgment properly adopting the Jackson survey and for entry of any other orders 
the trial court deems appropriate related to or necessary to any resurveying and 
remarking of the boundary.
 
        The 
trial court’s judgment on remand properly adopted the Jackson survey by 
ordering the following:
  
(1) the 
boundary line between Denton and Tarrant Counties to be a straight line with a 
single bearing;
 
(2) the 
boundary line to commence at Jackson’s northwest corner of Dallas 
County/northeast corner of Tarrant cCounty and terminate at the southeast corner 
of Wise County;
 
(3) the 
boundary line to be marked and monumented as required by the local government 
code;
 
(4) the 
appointment of a surveyor to perfom the tasks and the delineation of how the 
surveyor should perform his work and file his survey with the appropriate 
authorities;
 
(5) the 
boundary line to be a straight line with a single bearing that follows and 
properly adopts Jackson’s methodology.

 
The trial court also 
properly ordered, in compliance with our opinion and mandate, that attorney’s 
fees for the resurvey shall be borne equally by the parties.
        The 
trial court merely satisfied its ministerial duty to give effect to our 
mandate.  Thus, its judgment on remand is not reviewable.  
Accordingly, we grant appellee’s motion and dismiss this appeal for want of 
jurisdiction.
   
  
                                                          ANNE 
GARDNER
                                                          JUSTICE
    
  
PANEL A:   CAYCE, 
C.J.; LIVINGSTON and GARDNER, JJ.
 
DELIVERED: June 3, 2004