**O. O. OWENS, Appellant,**

v.

**The CITY OF WACO et al., Appellee.**

**No. 4786.**

Court of Civil Appeals of Texas.

Waco.

Feb. 6, 1969.

Rehearing Denied March 6, 1969.

John B. McNamara, Jr., Waco, for appellant.

Albert R. Kuehl, Asst. City Atty., Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Owens from a judgment against him for taxes in favor of plaintiffs, City of Waco and Waco Independent School District.

Plaintiffs filed their original petition for taxes against defendant on March 7, 1960 and amended on March 9, 1960. Defendant filed his original answer March 21, 1960. No further action was taken in the case until October 20, 1965 when plaintiffs filed requests for admissions. On October 22, 1965 defendant filed plea of abandonment. Plaintiffs thereafter amended in 1965, 1966, 1967 and 1968 to include claim for additional years taxes. The case was set for trial for October 10, 1968 at which time defendant presented to the trial court its motion to discontinue on the ground of abandonment of suit by plaintiffs. The trial Court overruled such motion, heard the case without a jury, and thereafter entered judgment for plaintiffs for taxes for the years 1956 through 1958 and 1962 through 1967.

Defendant appeals on one point, contending the trial "court abused its judicial discretion in overruling defendant's motion to discontinue plaintiff's cause of action by reason of the failure of plaintiff to exercise due diligence in setting said cause for trial."

Defendant asserts that plaintiffs were guilty of laches, in not prosecuting their case with diligence, in taking no action from the time of filing in March 1960 until October 1966, and in not securing a setting for trial of the case until October 1968. Defendant relies on Callahan v. Staples, 139 Tex. 8, 161 S.W.2d 489; Bevil v. Johnson, 157 Tex. 621, 307 S.W.2d 85, and Denton County v. Brammer, Tex., 361 S.W.2d 198, which hold that when a defendant has answered in a case, the plaintiff is obliged to prosecute the suit to a conclusion with reasonable diligence, and that unreasonable delay on plaintiff's part not sufficiently explained, raises a conclusive presumption of abandonment of suit and results in discontinuance.

Plaintiffs offered no explanation why they delayed from the filing of the suit in March 1960 until October 22, 1965 when defendant first filed his plea of abandonment.

Under the foregoing authorities defendant's motion to discontinue should have been sustained as to the taxes for the years 1956 through 1958 as sued for in plaintiff's original suit.

The amendments filed by the City in 1965, 1966, 1967 and 1968 (to include taxes for additional years) were in effect the filing of new suits for taxes for these additional years (1962 through 1967), and plaintiff's activity in the case during this period was sufficient to warrant the trial court in not granting the motion to discontinue as to the suits for taxes for such years.

The judgment of the trial court is reformed to delete plaintiffs recovery for taxes for the years 1956 through 1958 ($392.52 City; and $405.17 School), and as reformed is affirmed. (Cost of appeal assessed one-half each against Appellant and Appellees).

Reformed and affirmed.