DENTON COUNTY V. TARRANT COUNTY

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-108-CV

DENTON COUNTY APPELLANT

V.

TARRANT COUNTY APPELLEE

------------

FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

------------

OPINION

------------

Appellee Tarrant County filed a motion to dismiss this appeal for want of jurisdiction because appellant Denton County is attempting to appeal from a nonappealable order.  We agree and dismiss the appeal for want of jurisdiction.

In 1997, Tarrant County sued Denton County under chapter 72 of the Texas Local Government Code to establish their common boundary line.  
See 
Tex. Loc. Gov’t Code Ann.
 § 72.009(a) (Vernon 1999).  
In 2002, we reversed a trial court judgment for Denton County, rendered judgment in favor of Tarrant County, and, pursuant to the mandates of section 72.009(b), remanded with instructions to the trial court to declare the true boundary line, as defined in our opinion, and to have the boundary line resurveyed.  
Id. 
§ 72.009(b); 
Tarrant County v. Denton County, 
87 S.W.3d 159, 179-80 (Tex. App.—Fort Worth 2002, pet. denied).  On remand, the trial court signed a modified and corrected judgment, which Tarrant County argues gives effect to our opinion, judgment, and mandate.  Denton County disagrees, asserting that our opinion, judgment, and mandate do not address the entire boundary line, and thus it is entitled to relitigate the boundary line dispute on remand.

When an appellate court affirms a trial court’s judgment or renders the judgment that the trial court should have rendered, that judgment becomes the judgment of both courts.  
Cook v. Cameron, 
733 S.W.2d 137, 139 (Tex. 1987) (op. on reh’g); 
Dallas County v. Sweitzer, 
971 S.W.2d 629, 630 (Tex. App.—Dallas 1998, no pet.).  The trial court has no jurisdiction to review or interpret the appellate court’s judgment.  It must observe and carry out the mandate of the appellate court, and its orders carrying out the mandate are ministerial.  
Cook, 
733 S.W.2d at 139; 
Truck Ins. Exchange v. Robertson, 
89 S.W.2d 261, 263 (Tex. App.—Fort Worth 2002, no pet.).    

When an appellate court remands a case with specific instructions, the trial court is limited to complying with the instructions and cannot relitigate issues controverted at the former trial.  
Kahn v. Seely, 
37 S.W.3d 86, 88 (Tex. App.—San Antonio 2000, no pet.); 
Ballard v.Cantrell
, 597 S.W.2d 41, 42 (Tex. Civ. App.—Fort Worth 1980, writ ref’d n.r.e.).  The trial court’s authority is limited to only those issues specified in the mandate.  
Martin v. Credit Prot. Ass’n, Inc., 
824 S.W.2d 254, 256 (Tex. App.—Dallas 1992, no writ).  In interpreting the mandate of an appellate court, the trial court looks not only to the mandate itself but also to the appellate court’s opinion.  
Truck Ins. Exchange, 
89 S.W.3d at 263.  The trial court is given a reasonable amount of discretion in complying with the mandate.  
Austin Transp. Study Policy Advisory Comm. v. Sierra Club, 
843 S.W.2d 683, 690 (Tex. App.—Austin 1992, writ denied).  The trial court has no alternative but to follow the appellate court’s mandate, and its orders in compliance with the mandate are not reviewable.  
Perkins v. Perkins, 
256 S.W.2d 648, 649 (Tex. Civ. App.—Fort Worth 1953,  pet. dism’d). 

The mandate in this case stated, in pertinent part, the following:

It is ordered that the trial court’s judgment in favor of Denton County is reversed and we render judgment in favor of Tarrant County based upon the validity of the Interlocal Cooperation Agreement and the counties’ orders approving the agreement and the surveys made as a result of the agreement.  We sustain Tarrant County’s issues regarding attorney’s fees and surveying expenses and render judgment in its favor.  We remand the case to the trial court for entry of a judgment properly adopting the Jackson survey and for entry of any other orders the trial court deems appropriate related to or necessary to any resurveying and remarking of the boundary.

The trial court’s judgment on remand properly adopted the Jackson survey by ordering the following:

(1) the boundary line between Denton and Tarrant Counties to be a straight line with a single bearing; 

(2) the boundary line to commence at Jackson’s northwest corner of Dallas County/northeast corner of Tarrant cCounty and terminate at the southeast corner of Wise County;

(3) the boundary line to be marked and monumented as required by the local government code;

(4) the appointment of a surveyor to perfom the tasks and the delineation of how the surveyor should perform his work and file his survey with the appropriate authorities;

(5) the boundary line to be a straight line with a single bearing that follows and properly adopts Jackson’s methodology.

The trial court also properly ordered, in compliance with our opinion and mandate, that attorney’s fees for the resurvey shall be borne equally by the parties. 

The trial court merely satisfied its ministerial duty to give effect to our mandate.  Thus, its judgment on remand is not reviewable.  Accordingly, we grant appellee’s motion and  dismiss this appeal for want of jurisdiction. 

ANNE GARDNER

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and GARDNER, JJ.

DELIVERED:  June 3, 2004