IN RE TARRANT COUNTY

(comment: 1)

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-05-274-CV

IN RE TARRANT COUNTY RELATOR

------------

ORIGINAL PROCEEDING

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

Tarrant County seeks a writ of mandamus directing the trial court to vacate an order appointing an “assistant” surveyor and a writ of prohibition precluding the trial court from taking any future action in the underlying case.  We conditionally grant the writ of mandamus but deny the writ of prohibition.

Procedural Background

In 1997, Tarrant County sued Denton County to establish their common boundary line.  In 2002, we reversed a trial court judgment for Denton County, rendered judgment in favor of Tarrant County, and remanded with instructions to the trial court to declare the true boundary line, as declared in our opinion, and to have the boundary line resurveyed.  
See
 
Tarrant County v. Denton County
, 87 S.W.3d 159, 179-80 (Tex. App.—Fort Worth 2002, pet. denied).  On remand, the trial court signed a modified and corrected judgment dated April 6, 2004.
(footnote: 2)  The modified and corrected judgment contained the following paragraphs:

4. The survey required by this Modified and Corrected Final Judgment shall be performed by Garey W. Gilley . . . , assisted by Brookes Baker Surveyors, P.C., and such other surveyors as may be appointed by this Court. . . .

. . . . 

7. As part of such survey, Garey W. Gilley shall prepare field notes and a plat which shall be filed among the other papers in this case. . . .

8. After the field notes and plat have been filed in this case, the District Clerk of Parker County is instructed to file certified copies of this [judgment] and the field notes of the boundary line . . . with the . . . General Land Office and the County Clerks of Tarrant and Denton Counties with instructions to the County Clerks that the field notes of the boundary are to be filed in the real property records of their respective counties. 

On May 9, 2005, on Denton County’s motion and over Tarrant County’s objection that the survey was nearly complete, the trial court signed an “order appointing additional surveyor,” stating:

It is therefore ordered that . . . in accordance with the final judgment, 
W.C. Wilson . . . be appointed to assist Gar[e]y Gilley in the resurveying of the boundary, and 
as such shall have the opportunity to reconfirm and verify the work, calculations, placement, and monumentation 
of the boundary as [o]rdered by the Court. 

(Emphasis added.)

On June 29, 2005, Gilley filed his survey plat, field notes, and certificate of the completed survey under paragraph seven of the modified and corrected judgment and mailed a copy to W.C. Wilson.  That same day, the Parker County District Clerk forwarded the documents to the Commissioner of the General Land Office for filing under paragraph eight of the judgment. 

Denton County filed a motion to “suspend effectiveness of prematurely filed field notes and plat of survey” on July 12, complaining that Gilley failed to give Wilson the opportunity to “reconfirm and verify” his work as required by the trial court’s May 9 order.  The trial court conducted a non-evidentiary hearing on July 15.  At the hearing, the trial court stated:

As far as suspending anything, I’m not suspending anything.  But the record’s going to be very clear that I have not approved of the surveys that have been filed, and that I do not consider that the filing by Mr. Gilley was done in accordance with my May 9th Order.

And so therefore, anybody who uses that and relies upon that does so at their risk.  And until I hear back [from] Mr. Wilson and potentially have a -- an evidentiary hearing as to why he disagrees, then nobody can rely on those marks.  And that’s where we are.

Now, is there an order that says that?  No.  But I’m just telling you that’s -- for the record, that’s my own interpretation of my own orders.  And I say plural, orders.  So that’s the status, and that’s the reason we’re here today. 

The trial court set the matter for an evidentiary hearing on August 5.  In the meantime, Tarrant County filed this original proceeding.  We stayed the August 5 hearing pending the outcome of this proceeding.

Discussion

Tarrant County argues that the May 9 order is void and unenforceable because:  (1) the trial court lacked jurisdiction to modify its final judgment due to the passage of time, (2) the trial court lacked jurisdiction to enforce its judgment by methods other than those specified in the statutes governing the suit, and (3) the trial court lacked jurisdiction to collaterally attack the General Land Office’s decision to accept, approve, and file Gilley’s field notes and survey.
(footnote: 3)  Denton County responds that Tarrant County waited too long to challenge the May 9 order appointing the “assistant” surveyor, that the appointment of the assistant surveyor was within the trial court’s inherent jurisdiction to enforce its final judgment, and that the trial court has not collaterally attacked the actions of the General Land Office.

Standard of review

In deciding whether a writ of mandamus is appropriate, we recognize that mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law.  
Walker v. Packer
, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).

Ordinarily, mandamus will not issue unless relator lacks an adequate appellate remedy.  
In re Van Waters & Rogers, Inc.
,145 S.W.3d 203, 210-11 (Tex. 2004) (citing 
Walker, 
827 S.W.2d at 839).  But 
where a trial court’s order is void for lack of jurisdiction, the trial court has abused its discretion and the relator need not show that it does not have an adequate remedy by appeal.  
In re Sw. Bell Co., 
35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding).  Thus, the key question here is whether the trial court had jurisdiction to appoint the second surveyor.  If it did not, then the order is void and Tarrant County is entitled to mandamus relief as a matter of law.

Trial court’s jurisdiction to appoint “assistant” surveyor

A trial court loses plenary power over its judgment thirty days after signing it.  
See 
Tex. R. Civ. P.
 329(b).  Thereafter, the trial court has the inherent power to “cause its judgments and decrees to be carried into execution.”  
Tex. R. Civ. P.
 308; 
Bridas Corp. v. Unocal Corp.
, 16 S.W.3d 887, 889 (Tex. App.—Houston [14th Dist.] 2000, pet. dism’d).  An order to enforce a judgment must not be inconsistent with the original judgment and must not constitute a material change in substantial adjudicated portions of the judgment.  
Harris County Appraisal Dist. v. West, 
708 S.W.2d 893, 896 (Tex. App.—Houston [14th Dist.] 1986, orig. proceeding
).  An order that does so is void.  
See id.
 at 897.

In this case, the trial court’s April 6, 2004 judgment appointed Gilley to perform the survey, “
assisted by 
. . . such other surveyors as may be appointed by this Court.” (Emphasis added.)  
The trial court’s plenary power to modify the judgment expired on May 6, 2004 (no motions that would extend the court’s plenary power appear in the record).

“Assist” means “to give support or aid” or “to be present as a spectator.”
  Webster’s Ninth New Collegiate Dictionary 
109 (2002).
  
The trial court’s May 9, 2005 order granting Wilson the opportunity to “
reconfirm and verify [Gilley’s] work, calculations, placement, and monumentation”
 went far beyond the definition of “assist.”  In essence, the trial court gave Wilson the power to challenge, approve, or reject Gilley’s work, not merely to support, aid, or spectate.  As such, the May 9 order was inconsistent with the judgment, materially changed a substantial adjudicated portion of the judgment, and exceeded the trial court’s inherent authority to enforce the judgment.  After the trial court’s plenary power over the judgment expired, it lacked jurisdiction to modify the judgment as it attempted to do with its May 9 order.  
See
 
First Alief Bank v. White,
 682 S.W.2d 251, 252 (Tex. 1984); 
Tex. R. Civ. P.
 329b (providing that trial court’s plenary power to modify a judgment expires thirty days after the judgment is signed).

Denton County correctly observes that “[n]othing in the  . . . judgment limits the trial court’s power to appoint additional surveyors to instances where . . . Gilley feels the need for assistance,” but the judgment does limit the trial court’s power to appoint additional surveyors to oversee and approve Gilley’s work.  The trial court lacked jurisdiction to grant Wilson such sweeping powers.  The May 9 order, therefore, is void to the extent that it granted Wilson the power to do anything other than assist Gilley.

We note that because Gilley has completed the survey and monumentation of the county line and filed his survey and field notes with the General Land Office, there is no need for another surveyor to assist him with the survey.  To the extent that the trial court had the jurisdiction to appoint another surveyor to assist Gilley, the May 9 order is moot.

Denton County argues that Tarrant County is barred by laches from complaining of the May 9 order because Tarrant County waited until the end of July—some two and a half months—to challenge the order by application for writ of mandamus.  Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles.  
In re Bahn, 
13 S.W.3d 865, 871 (Tex. App.—Fort Worth 2000, orig. proceeding).  One such principle is that equity aids the diligent and not those who slumber on their rights.  
Id.  
The party asserting the affirmative defense of laches must show both an unreasonable delay by the other party in asserting its rights and harm resulting to it because of the delay.  
Id.  
An unexplained delay of several months is grounds for denying a petition for writ of mandamus.  
See Rivercenter Assocs. v. Rivera, 
 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding).  Tarrant County explains the delay in this case by noting that the full effect of the May 9 order was not apparent until the July 15 hearing when the trial court interpreted the order and explained what it required of Gilley.  Under the circumstances presented by this case, we hold that Tarrant County’s two-and-a-half-month delay 
in seeking mandamus relief was neither unreasonable nor unexplained.

Because the trial court lacked jurisdiction to appoint another surveyor to oversee and approve Gilley’s work, rather than simply assist Gilley with the survey, its May 9, 2005 order is void.

Conclusion

Having determined that the trial court lacked jurisdiction to issue its May 9, 2005 order, we lift the August 3, 2005 stay that we previously ordered in the underlying cause and conditionally grant a writ of mandamus directing the trial court to vacate its May 9, 2005 order.  Because we are confident that the trial court will vacate the order, our writ will issue only if the trial court fails to do so.  We deny Tarrant County’s petition for writ of prohibition without opinion.  
See
 
Tex. R. App. P.
 52.8(d).  

ANNE GARDNER

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and GARDNER, JJ.

LIVINGSTON, J. filed a dissenting opinion.

DELIVERED:  December 12, 2005

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-05-274-CV

IN RE TARRANT COUNTY 

------------

ORIGINAL PROCEEDING

------------

DISSENTING OPINION

------------

I respectfully dissent to the majority’s conclusion that the trial court’s May 9, 2005 “Order Appointing Additional Surveyor” is void.  The trial court signed that order as a result of Denton County’s April 18, 2005 “Defendant’s Motion Requesting Additional Surveyor.”  As noted by Denton County in its motion, the trial court’s prior “Modified and Corrected Final Judgment” signed on 
April 6, 2004 
contains language specifically authorizing the trial court to undertake the action of which Tarrant County now complains:

4.  The survey required by this Modified and Corrected Final Judgment shall be performed by Garey W. Gilley, RPLS, LSLS, assisted by Brookes Baker Surveyors, P.C. 
and such other surveyors as may be appointed by this Court.

The “Order Appointing Additional Surveyor” states, “The judgment provided that Mr. Gilley was to be assisted by Brookes Baker Surveyors, P.C., and such other surveyors as may be appointed by the Court,” and continues,

IT IS THEREFORE ORDERED that after having considered the Defendant’s [Denton County’s] Motion, the Court has concluded that its request be granted and, that in accordance with the final judgment, W.C. Wilson, Jr., L.S.L.S. be appointed to assist Gary [sic] Gilley in the resurveying of the boundary, and as such shall have the opportunity to reconfirm and verify the work, calculations, placement, and monumentation of the boundary as Ordered by the Court.

The majority concludes that this postjudgment order is “inconsistent with the judgment, materially changed a substantial adjudicated portion of the judgment, and exceeded the trial court’s inherent authority to enforce the judgment” and was therefore, beyond the trial court’s plenary power over its judgment and void due to lack of jurisdiction, citing 
First Alief Bank v. White 
and rule 329b.  682 S.W.2d 251, 252 (Tex. 1984); 
see also
 
Tex. R. Civ. P.
 329b.  It is with this conclusion that I respectfully disagree.

A trial court has inherent power to enforce its judgments.
  
Tex. Gov’t Code Ann.
 § 21.001(a) (Vernon 2004); 
Tex. R. Civ. P.
 308. 
 This authority to enforce is not extinguished by the mere passage of time or the finality of a judgment.  
See
  
Tex. R. Civ. P.
 329b; 
Wall Street Deli, Inc. v. Boston Old Colony Ins. Co., 
110 S.W.3d 67, 69 (Tex. App.—Eastland 2003, no pet.)
; Reynolds v. Harrison
, 635 S.W.2d 845, 846 (Tex. App.—Tyler 1982, writ ref’d n.r.e.).  “Under Rule 308, a trial court is vested with both the authority and affirmative duty to enforce and to protect its orders and decrees.”  
Sanders v. Blockbuster, Inc.
, 127 S.W.3d 382, 387 (Tex. App.—Beaumont 2004, pet. denied) (citing 
In re Crow-Billingsley Air Park, Ltd.
, 98 S.W.3d 178, 179 (Tex. 2003)); 
Bridas Corp. v. Unocal Corp., 
16 S.W.3d 887, 889 (Tex. App.—Houston [14th Dist.] 2000, pet. dism'd w.o.j.).   

The power to enforce its judgments is inherent in its jurisdiction and a “court may employ suitable methods to enforce its jurisdiction.”  
Arndt v. Farris
, 633 S.W.2d 497, 499 (Tex. 1982) (orig. proceeding); 
Panda Energy Corp. v. Allstate Ins. Co., 
91 S.W.3d 29, 32 (Tex. App.—Dallas 2002
, 
pet. granted, judgm’t vacated w.r.m.
); Greiner v. Jameson, 
865 S.W.2d 493, 498-99 (Tex. App.—Dallas 1993, writ denied).  The power and authority of a court to enforce its judgments derive not only from specific grants of judicial power to courts, but also from a court’s “implied” and “inherent” powers.  
Greiner
, 865 S.W.2d at 498 (citing 
Eichelberger v. Eichelberger
, 582 S.W.2d 395, 398 (Tex. 1979)).  In 
Greiner
, Justice Baker, then writing for the Dallas Court of Appeals, stated,

A court does not derive its inherent judicial power from legislative grant or specific constitutional provision but from the very fact that the state constitution has created and charged the court with certain duties and responsibilities.  The inherent powers of a court are those that it may call upon to aid in the exercise of its jurisdiction, in the administration of justice, and 
in the preservation of its independence and integrity.  

Every court having jurisdiction to render a judgment has the inherent power to enforce its judgments.  
That power is part of the court’s jurisdiction, and the court may employ suitable methods to enforce its jurisdiction.

Id.
 at 498-99 (emphasis added) (citations omitted).  A trial court retains the authority to enforce its judgments and to do so with enforcement orders that “may not be inconsistent with the original judgment or constitute a material change in the substantive adjudicated portions of the judgment.”  
Comm’n for Lawyer Discipline v. Denisco
, 132 S.W.3d 211, 215 (Tex. App.—Houston [14
th
 Dist.] 2004, no pet.) (citing 
Katz v. Bianchi
, 848 S.W.2d 372, 374 (Tex. App.—Houston [14th
 Dist.] 1993, no writ)); 
see also 
Tex. R. Civ. P.
 308.  Courts may enforce their judgments through orders of execution, orders of attachment, orders of garnishment, orders for turnover of property, orders of contempt, or by other orders necessary or in proper aid of their jurisdiction.  
Tex. R. Civ. P.
 308
; Greiner
, 865 S.W.2d at 498. 

The statute under which this  court ordered the location and surveying of the true and correct boundary line contemplates that a trial court or jury must first determine generally where that line should be.  
See 
Tex. Loc. Gov’t Code Ann.
 § 72.009(b) (Vernon 1999).  Moreover, this statute restricts the General Land Office from marking a contested line on state maps until it receives a proper certified copy of the final judgment.  
Id.
 § 72.009(c).  It necessarily follows that a court declaring a true boundary line cannot simultaneously provide a judgment that includes the appropriate survey calls within the very judgment deciding the general location of the line.  For this reason, a trial court must retain extensive authority and jurisdiction to first implement the very actions contemplated by the statute and its prior judgment:  a resurvey when necessary to specifically locate, mark, and identify the proper line.  

Although in dicta, the Eastland Court of Appeals observed this very predicament and stated, “Those things [resurveying and remarking] could not be done until the court had determined the disputed questions as to the proper location of such lines.”  
Garza County v. Lynn County
, 42 S.W.2d 627, 634 (Tex. Civ. App.—Eastland 1931), 
rev’d on other grounds
, 
58 S.W.2d 24 (Tex. Comm’n App. 1933, judgm’t adopted).

Whether the court, under its duty, as provided in said article, to ‘determine where such boundary line is located,’ would have implied authority to appoint a surveyor and tax the expense thereof as costs, we need not determine.  Whether so or not, we think the court could attach any reasonable condition to the exercise of his discretion.

Id.
  Specifically, the Eastland court remanded the case with instructions to the trial court to “adjudge the location of the boundaries involved . . . and, if deemed advisable, have an actual survey made and incorporate the result thereof in the final judgment.”  
Id.  
From this we can conclude that the statute  contemplates and recognizes the necessity of a court’s continuing jurisdiction to enforce its judgment to establish disputed county boundaries.  

Additionally, as mentioned above, the statute contemplates that a trial court must actually enter another “final judgment” officially adopting and incorporating the resurvey and remarking that it supervised and approved.  
See 
Tex. Loc. Gov’t Code Ann.
 § 72.009(c).  
We have already held so in this case:

The trial court expressed concern that it would not be able to enforce its judgment later if the White line is not permanently marked and monumented before final judgment is rendered.  However, the trial court retains continuing jurisdiction to enforce its judgment.  
See 
Tex. Civ. Prac. & Rem. Code Ann. 
§ 37.011 (Vernon 1997); 
Tex. R. Civ. P. 
301, 308; 
Reynolds v. Harrison, 
635 S.W.2d 845, 846
 (Tex. App.—Tyler 1982, writ ref'd n.r.e.).  Accordingly, the trial court will be able to oversee the marking and monumentation 
before the final judgment and field notes are filed with the General Land Office
.

In re Tarrant County
, 16 S.W.3d 914, 919 (Tex. App.—Fort Worth 2000, orig. proceeding) (emphasis added).  Thus, I believe and would hold that the trial court had the duty and authority to supervise and enforce its April 6, 2004 final judgment by entry of any additional orders so long as they contained nothing inconsistent with the final judgment or a material change from it.  
See Denisco
, 132 S.W.3d at 215; 
Reynolds
, 635 S.W.2d at 846.  `

In connection with this limitation, the majority concludes that the May 9, 2005 “Order Appointing Additional Surveyor” constitutes a modification of the April 6, 2004 final judgment.  
See
 Maj. Op. at 7.  The majority reads the language giving surveyor Wilson the authority to assist surveyor Gilley and “reconfirm and verify [Gilley’s] work, calculations, placement, and monumentation” as beyond the proper scope of the April 6, 2004 final judgment and therefore void.  I disagree with this interpretation of the May 9, 2005 order.  I believe and would conclude that the order is valid because it gives the trial court a tool by which to determine whether surveyor Gilley’s work conforms to the trial court’s prior final judgment.  I do not believe it gives surveyor Wilson the unilateral authority to “trump” Gilley’s survey; it merely provides the trial court with a method of verifying the accuracy of the Gilley survey and monumentation.  For this reason, I would also hold that the trial court’s May 9, 2005 order properly enforced the trial court’s April 6, 2004 final judgment and fell within both the trial court’s duty to enforce under rule 308 and government code section 21.001(a) and its inherent authority to enforce its own judgment.  
See
 
Tex. Gov’t Code Ann.
 § 21.001(a); 
Tex. R. Civ. P.
 308
.

TERRIE LIVINGSTON

JUSTICE

DELIVERED:  December 12, 2005

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Denton County appealed from the corrected judgment, arguing that our opinion, judgment, and mandate in the first appeal did not address the entire boundary line.  We dismissed Denton County’s appeal for want of jurisdiction because the corrected judgment on remand merely satisfied the trial court’s ministerial duty to give effect to our mandate and was not reviewable.  
Denton County v. Tarrant County
, 139 S.W.3d 22, 24 (Tex. App.—Fort Worth 2004, pet. denied).

3:
It is not clear from the record that the General Land Office has accepted and approved the field notes and survey.

COMMENTS AND ANNOTATIONS
Comment 1:
Majority by Justice Gardner

Dissent by Justice Livingston