In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-07-358 CV


 ______________________


 

D.R. BEELER AND BEVERLY ANN BEELER, Appellants



V.



WILLIAM CRUSE FUQUA, Appellee






On Appeal from the 88th District Court


Hardin County, Texas


Trial Cause No. 41569






MEMORANDUM OPINION
 Appellants D. R. Beeler and Beverly Ann Beeler filed a motion for extension of time
to file notice of appeal. We questioned our jurisdiction. The Beelers filed an amended
motion. Because the signing of the June 6, 2007, order is not an appealable event, we deny
the motion for extension of time to file notice of appeal. The appellee requests that we award
attorney's fees to him because the Beelers filed a frivolous appeal, and that this Court "fine
the appellee [Beelers] $10,000 for a frivolous appeal for vexatious purposes." See Tex. R.
App. P. 45. We deny that request and dismiss the appeal.

 The trial court signed its judgment in this case on June 11, 2003. Among other things,
that judgment quieted title in William Cruse Fuqua, enjoined the Beelers from going onto the
land in controversy, and ordered the release of certain funds on deposit in the court's registry
to Fuqua. (1) The Beelers appealed, and this Court affirmed the trial court's judgment. See
Beeler v. Fuqua, No. 09-03-334 CV, 2004 WL 1902535 (Tex. App.--Beaumont August 26,
2004, pet. denied) (mem. op.). Our mandate of affirmance issued June 8, 2005. Because we
affirmed the trial court's final judgment, the trial court had the power to enforce the judgment
after our mandate issued. See Tex. R. App. P. 51.1(b)(1). The trial court ordered the district
clerk to release the funds to Fuqua's heir, Betsy Hanchey. The trial court released the funds
in its registry to Hanchey on July 18, 2005. 

 On September 20, 2004, Fuqua's executor and heir petitioned to hold the Beelers in
contempt for violating the injunctive portion of the judgment. On May 3, 2005, Fuqua filed
a motion that sought $2,473.00 in attorney's fees and expenses based upon the violation of
the injunction. On May 25, 2005, the Beelers filed a "Motion for Rehearing" of the trial
court's order to release the funds to Hanchey. In the motion, the Beelers argued that they
"claim ownership" of the 5/6 undivided interest that was not adjudicated in the trial court's
original judgment, and that Fuqua's estate should receive only 1/6 of the money deposited
with the trial court. Fuqua filed a response that included a request for assessment of
$2,240.00 in attorney's fees as sanctions for pursuing a frivolous motion for rehearing. The
Beelers' attorney missed a hearing and filed a "Motion for a New Hearing." On May 21,
2007, the trial court conducted a hearing. In an order signed June 6, 2007, the trial court
denied the Beelers' motion for rehearing, granted Fuqua's motion for attorney's fees, and
ordered the Beelers to pay $7,500.00 in attorney's fees "only if the Beelers appeal this ruling
and the appeal is lost." The trial court found that the Beelers have no claim on the funds
deposited in the court's registry, and that all of the funds were ordered to be distributed to
Fuqua.

 When an appellate court affirms a trial court's judgment, the trial court has no
jurisdiction to review or interpret the appellate court's judgment, but must observe and carry
out the mandate. Denton County v. Tarrant County, 139 S.W.3d 22, 23 (Tex. App.--Fort
Worth 2004, pet. denied). The trial court's order to pay the funds in the court's registry is
nothing more than the satisfaction of the trial court's ministerial duty to give effect to the
mandate. See id. at 24. Its order is not reviewable in a new appeal. See id. The trial court
does not have the authority to make a new order that is inconsistent with the original
judgment, materially changes a substantial adjudicated portion of the judgment, or exceeds
the trial court's inherent authority to enforce the judgment. In re Tarrant County, No. 2-05-274 CV, 2005 WL 3436582, at*2-*3 (Tex. App.--Fort Worth Dec. 12, 2005, orig. proceeding
[mand. denied]) (mem. op.). If the trial court exceeds the mandate, the order is void and
relief may be obtained through an original proceeding in the appellate court. Id. at *3-*4; 
see also Custom Corporates, Inc. v. Sec. Storage, Inc., 207 S.W.3d 835, 839 (Tex. App.--Houston [14th Dist.] 2006, no pet.). In cases in which a party appeals from the entry of a
void order, the appellate court vacates the void order and dismisses the appeal. See State ex
rel. Latty v. Owens, 907 S.W.2d 484, 486 (Tex. 1995); Custom Corporates, Inc., 207 S.W.3d
at 837; Comm'n for Lawyer Discipline v. DeNisco, 132 S.W.3d 211, 212-13 (Tex. App.--Houston [14th Dist.] 2004, no pet.). No appeal lies from a post-judgment order that is within
the trial court's enforcement powers, not inconsistent with the original judgment, and does
not materially change the substantive portions of the judgment. See Pope v. Gaffney, No. 04-05-413 CV, 2006 WL 1684661, at *2 (Tex. App.--San Antonio Jun. 21, 2006, pet. denied)
(mem. op.). 

 In this case, the trial court ordered funds on deposit in the registry of the court to be
disbursed to the party awarded those funds in the judgment. That order, issued in 2005, was
not inconsistent with the judgment. In 2007, the trial court denied the motion for rehearing
and also conditionally ordered the Beelers to pay $7,500.00 in attorney's fees as a sanction
for pursuing a frivolous claim. That order related to enforcement of the judgment and did
not materially change the substantive provisions of the judgment. The trial court's order of
June 6, 2007, was not an appealable order. 

 The Beelers did not file a notice of appeal within fifteen days of the signing of an
appealable order. We deny the motion for extension of time to file notice of appeal. We
dismiss the appeal for lack of jurisdiction. We deny the appellee's motion for damages. 

 APPEAL DISMISSED.

 _________________________________

 DAVID GAULTNEY 

 Justice


Opinion Delivered October 11, 2007


Before Gaultney, Kreger, and Horton, JJ.
1. William Cruse Fuqua died during the course of this litigation. Because Fuqua died while
the case was ongoing, formal substitution was not required. See Tex. R. App. P. 7.1(a)(1). In this
opinion, we refer to Fuqua regardless of whether the active party at the time was William Cruse
Fuqua, the representative of the estate, or the beneficiary of the estate.