Opinion issued
June 16, 2011



In
The

Court of
Appeals

For
The

First District
of Texas

———————————

NO. 01-10-00526-CV

———————————

Tom Williams, Independent Executor of the Estate of
Dora Ernestine Luck Barnett, Appellant

V.

Marleen Kovalchik
Barnett, Appellee



 



 

On Appeal from the Probate Court No. 1

Harris County, Texas



Trial
Court Case No. 266009401

 



 

MEMORANDUM
OPINION

 

          Tom
Williams, independent executor of the Estate of Darlene Luck Barnett, appeals
the trial court’s order denying his motion to dismiss Marleen Kovalchik
Barnett’s entire case and instead dismissing the sole claim remanded to the
trial court after an earlier appeal.  In
the earlier appeal, the Texas Supreme Court reversed the trial court’s denial
of Marleen’s claims for family allowance and remanded to the trial court for a
determination of the amount of the allowance. 
In two issues, Williams contends that the trial court erred by
dismissing only the remanded family allowance claim and not the entire case and
by failing to render a final judgment that includes the lower pre- and
post-judgment interest rates that have become effective since the original judgment.  We conclude the trial court did not err by
denying Williams’s motion to dismiss the entire case and that the interest rate
in effect at the time of the original judgment applies.  We affirm.

Background

          Christopher
Barnett and Marleen Kovalchik Barnett were separated and in the midst of a
divorce when Christopher died on January 24, 1994.  In his will, Christopher named his mother Dora
Ernestine Luck Barnett as the primary beneficiary and the independent executor
of his estate.  Dora, having received
proceeds from life insurance policies on behalf of the estate, distributed over
$300,000 to family members and friends.

          Marleen
sued Dora and the family members and friends who received the insurance
proceeds asserting that the life insurance policies were community property,
that Christopher committed a fraud on the community by giving the proceeds to
Dora, and that a constructive trust should be imposed on the proceeds.  Marleen also sought her one-half of the community
estate and a family allowance.  The trial
court granted partial summary judgment for Dora and the family and friends
regarding the life insurance proceeds. 
The remaining claims proceeded to jury trial.  The trial court granted directed verdicts on
behalf of the family and friends on some of Marleen’s claims.  The remainder of her claims resulted in a
jury verdict for Marleen.  The trial
court held a bench trial on Marleen’s claims for family allowance, which is a matter
to be tried by the trial court.[1]  On May 1, 1997, the trial court rendered
judgment for Marleen and against Dora, individually and as executor of
Christopher’s estate, in the amount of $80,943.30 in accordance with the jury’s
verdict and its earlier rulings and denied Marleen’s request for a family
allowance.  Both Marleen and Dora
appealed.

          On
appeal, this court reversed the trial court’s summary judgment denying Marleen
any portion of the life insurance proceeds, reversed the trial court’s denial
for family allowance, and affirmed the remainder of the judgment, remanding the
cause to the trial court for “further proceedings consistent with this
opinion.”  Barnett v. Barnett, 985 S.W.2d 520, 535 (Tex. App.—Houston [1st
Dist.] 1998), rev’d in part, 67
S.W.3d 107 (Tex. 2001).  Dora petitioned
the Texas Supreme Court for review.  The
Supreme Court reversed this court’s judgment concerning the life insurance
proceeds.  The Supreme Court affirmed the
remainder of this court’s judgment and remanded the cause to the trial court
“for further proceedings.”  Barnett v. Barnett, 67 S.W.3d 107, 126
(Tex. 2001). 

          The
Supreme Court’s opinion and judgment issued December 6, 2001, with the mandate
issuing February 15, 2002.  After the
Supreme Court’s remand, the only remaining claim was Marleen’s claim for a
family allowance.  Marleen, however, did
not pursue her claim for a family allowance. 
In 2003 and 2005, Dora paid Marleen two separate payments of $40,000
towards the judgment.  Dora died on
November 6, 2007 and Williams was appointed independent executor of her
estate.  In January 2010, Williams filed
a “Motion to Dismiss for Want of Prosecution and/or Laches.”  Williams sought to dismiss Marleen’s entire
case, not just her claim for family allowance. 
In response, Marleen sought to nonsuit her claim for family
allowance.  

          The
trial court held a hearing.  At the
hearing, Williams urged the trial court to dismiss the entire case and,
alternatively, asked that, if the court only dismissed the family allowance
claim, the court enter a new judgment substituting the lower pre- and
post-judgment interest rates that were in effect in 2010.  The trial court signed an order dismissing
Marleen’s claim for family allowance. 
The trial court refused to modify its prior judgment in any other
way.  Williams filed a motion for new
trial, which the trial court overruled, and this appeal followed.

Dismissal for Want of
Prosecution

          In
his first issue, Williams contends that the trial court erred by denying his
motion to dismiss for want of prosecution. 
Specifically, Williams argues that because Marleen failed to pursue her
claim for a family allowance for eight years after the Texas Supreme Court
remanded the case to the trial court for further proceedings, the trial court
should have dismissed her entire case, not just the claim for a family
allowance.

          A trial court may dismiss a case for want of
prosecution under Texas Rule of Civil Procedure 165a when a party fails to
appear at a hearing or trial or when the case has not been disposed of within
the Texas Supreme Court’s time standards. 
Tex. R. Civ. P. 165a(1),
(2).  A trial court also has inherent
power to dismiss when the case has not been prosecuted with due diligence.  Villarreal v. San Antonio Truck & Equip., 994 S.W.2d 628, 630
(Tex. 1999).  An appellate court
reviews a trial court’s ruling on a motion to dismiss for want of prosecution for
an abuse of discretion.  Jones v. Morales, 318 S.W.3d 419, 427 (Tex. App.—Amarillo
2010, pet. denied) (citing MacGregor v. Rich, 941 S.W.2d 74, 75 (Tex. 1997)).  A trial court abuses its discretion
when it acts in an arbitrary or unreasonable manner, or if it acts without
reference to any guiding rules or principles. 
Moss v. Waste Mgmt. of Tex., Inc., 305 S.W.3d 76, 81 (Tex. App.—Houston [1st Dist.] 2009, pet.
denied).  In this
case, Williams moved to dismiss for (1) failure to dispose of the case within
the Supreme Court’s guidelines and (2) failure to prosecute the case with due
diligence. 

          1.       Failure
to adhere to Texas Supreme Court guidelines

           Under Rule 6 of the Rules of Judicial Administration,
in a non-jury civil case (other than a family law case), the trial court “should,
so far as reasonably possible, ensure that all cases are brought to trial or
final disposition . . . [w]ithin 12 months from appearance date.”  Tex. R.
Jud. Admin. 6(b)(2), reprinted in Tex. Gov’t Code Ann., tit. 2, subtit. F—Appendix (West Supp.
2010).  The Supreme Court makes the Rules
of Judicial Administration under the Legislature’s grant of authority in
section 74.024 of the Texas Government Code. 
Tex. R. Jud. Admin. 1; see also Jones, 318 S.W.3d at 427.  Section 74.024 provides that “the supreme
court may consider the adoption of rules relating to: (1) nonbinding time
standards for pleading, discovery, motions, and dispositions; (2) nonbinding
dismissal of inactive cases from dockets, if the dismissal is warranted . . . .”
Tex. Gov’t Code Ann. §
74.024(c)(1), (2) (West Supp. 2010).  “[T]he
application of Rule 6 is discretionary and non-binding.”  Jones,
318 S.W.3d at 427 (citing In re S.D.W., 811 S.W.2d 739, 746 (Tex. App.—Houston
[1st Dist.] 1991, no writ)).  “Thus, Rule
6 does not fix a bright line demarking the outward limit of a trial court’s
discretion to control its docket.”  Id.

          Williams
specifically argues that, after remand, the only claim left in the case was
Marleen’s claim for a family allowance, an issue for which there is no right
for a jury trial.  See Tex. Prob. Code Ann. § 286 (West 2003). 
Therefore, Williams asserts, the appearance date having passed, the
trial court was required to dispose of the case within 12 months.  First, we note that Williams cites no
authority—and we have found none—that applies Rule 6 to a case after
remand.  Assuming without deciding that
Williams is correct and the guidelines of Rule 6 apply upon remand from an
appellate court, Williams still fails to cite any authority that the trial
court abused its discretion by failing to dismiss Marleen’s entire case—not just the one remaining
claim.  For the reasons discussed below,
we conclude that the trial court did not abuse its discretion.

          First, Rule 6 sets the guidelines for
a case to be “brought to trial or
final disposition.”  Tex. R. Jud. Admin. 6(b)(2)
(emphasis added).  It is undisputed that
this case has already been to trial.  Second,
again assuming that Rule 6 applies anew after remand, the only remaining claim
that had not been brought to trial or disposed of was Marleen’s claim for a
family allowance.  This is the claim the
trial court dismissed.  Indeed, it is the
only claim the trial court could address. 
After remand, if an appellate court has affirmed a trial court’s
judgment, the trial court has no jurisdiction to review or interpret the
appellate court’s judgment; rather, the trial court is limited to the
ministerial duty of carrying out the mandate of the higher court.  Denton
Cnty. v. Tarrant Cnty., 139 S.W.3d 22, 23 (Tex. App.—Fort Worth 2004, pet.
denied) (citing Cook v. Cameron, 733
S.W.2d 137, 139 (Tex. 1987)).  When an
appellate court remands a case with instructions, the trial court only has the
authority to comply with those instructions and may not relitigate issues
settled in the former trial.  Id. 
In this case, on appeal, the trial court’s judgment was affirmed in part
and the cause was remanded to address Marleen’s claim for family
allowance.  The trial court did so,
dismissing the claim pursuant to Williams’s motion to dismiss and Marleen’s
request for a nonsuit.  Having addressed
the sole claim that was remanded, the trial court lacked power to address the
matters previously litigated.  See id. 
We cannot conclude that Williams has shown that the trial court abused
its discretion by disposing of the only outstanding claim in accordance with
the judgment and mandate of the Texas Supreme Court.

          2.       Marleen’s
nonsuit

          Before the
trial court heard Williams’s motion to dismiss for want of prosecution, Marleen
filed her own motion to nonsuit her claim for family allowance.[2]
 A plaintiff has an
absolute right to take a nonsuit so long as the defendant
has not made a claim for affirmative relief.  Tex. R. 
Civ.  P. 162; BHP
Petroleum Co. Inc. v. Millard, 800 S.W.2d 838, 840–41 (Tex. 1990).  A plaintiff’s nonsuit is effective immediately upon filing.  See Travelers Ins. Co. v. Joachim, 315 S.W.3d 860, 862–63 (Tex.
2010).  A trial court abuses its
discretion if it refuses to dismiss when a plaintiff files a nonsuit.  Id.;
see also In re Greater Houston
Orthopaedic Specialists, Inc., 295 S.W.3d 323, 324–25 (Tex. 2009) (stating
that “[g]ranting a nonsuit is a ministerial act”).  We therefore conclude that the trial court
did not abuse its discretion by dismissing Marleen’s claim for family
allowance.

          3.       The
trial court’s inherent power to dismiss

          The trial court’s order does not
expressly rule on Williams’s motion to dismiss. 
Rather, it simply carries out the ministerial, non-discretionary act of
granting Marleen’s nonsuit.  The trial
court therefore never reached Williams motion. 
Even if the trial court’s order is read to implicitly deny Williams’s
motion to dismiss, the trial court did not abuse its discretion.  

          A trial court may dismiss a case for
want of prosecution under its inherent power when the case has not been
prosecuted with due diligence.  Villarreal, 994 S.W.2d at 630.  In deciding whether to dismiss a case for
want of prosecution, the trial court may consider the entire history of the
case, including the length of time the case was on file, the amount of activity
in the case, the request for a trial setting, and the existence of reasonable
excuses for delay.  Keough
v. Cyrus USA, Inc., 204 S.W.3d 1, 5 (Tex. App.—Houston
[14th Dist.] 2006, pet. denied). 
Although he cites other cases, the primary case Williams cited in his
motion to dismiss for want of prosecution before the trial court was Owens v. City of Waco, 437 S.W.2d 660,
661–62 (Tex. Civ. App.—Waco), affirmed
442 S.W.2d 324 (Tex. 1969).[3]  In Owens,
the City of Waco sued Owens for unpaid taxes. 
Owens, 437 S.W.2d at 661.  The city filed the suit in March 1960 for tax
years 1956 through 1958.  Id. at 661–62.  The city took no action until October 1965
when Owens sought a dismissal.  Id. at 661.  The city then amended its petition in 1965,
1966, 1967, and 1968, adding additional years of delinquent taxes.  Id.
at 662.  The court of appeals held—and
the Texas Supreme Court affirmed—that the trial court abused its discretion in
failing to dismiss the claims for taxes from 1956 to 1958 when the city delayed
for five years in prosecuting the suit and offered no explanation for the
delay.  Id. at 661–62.    

          Thus,
even Williams’s authority supports the proposition that a trial court may
dispose of some claims for want of prosecution without disposing of the entire case.  This is precisely what the trial court did in
this case.  Furthermore, as explained
above, Marleen’s family allowance claim is the only claim the trial court had
authority to address under the mandate received from the Texas Supreme Court.  We conclude that Williams has not shown that
the trial court abused its discretion even if the trial court’s order is
treated as an implicit denial of Williams’s motion to dismiss the entire case.

          We
overrule Williams’s first issue.

Pre- and Post-judgment Interest Rates

          In
his second issue, Williams contends that after remand “for further proceedings”
the trial court was compelled to enter a “new” final judgment reflecting the
judgment on Marleen’s claims for a family allowance.  Therefore, Williams argues, the lower
interest rates in effect at the time of the “new” judgment should be applied to
the trial court’s judgment, including retroactively applying the new, lower
rates to Marleen’s recovery first awarded on May 1, 1997.[4] 

          Williams
cites no authority to directly support his argument.  Rather, Williams cites authorities that state
general propositions of law.  For
example, Williams cites Rule 301 of the Texas Rules of Civil Procedure that
provides, in pertinent part, “Only one final judgment shall be rendered in any
cause . . . .”  Tex. R. Civ.
P. 301.  But a nonsuit
or severance of claims after a partial summary judgment or partial summary
disposition of claims does not result in two separate judgments; it simply
makes the trial court’s earlier partial judgment final and appealable.  See
Clarendon Nat’l Ins. Co. v. Thompson,
199 S.W.3d 482, 493 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (citing Farmer v. Ben E. Keith Co., 907 S.W.2d
495, 496 (Tex. 1995)).  

          Williams
also cites de la Garza v. de la Garza,
185 S.W.3d 924, 928 (Tex. App.—Dallas 2006, no pet.), which states the judgment
interest rate statute in effect at the time the trial court renders judgment
controls.  From these authorities,
Williams argues that the date of the trial court’s judgment after remand should
be the “new” final judgment date and the current, lower interest rates
apply.  

          Williams,
however, fails to recognize that the trial court has already rendered
judgment.  This court and the Texas
Supreme Court found that judgment erroneous, in part.  But that does not change the fact that the
trial court rendered judgment in this cause on May 1, 1997.  The Texas Supreme Court has held that a party
recovering damages is entitled to interest on the judgment from the time of the
erroneous final judgment.  Thornal v. Cargill, Inc., 587 S.W.2d
384, 384–85 (Tex. 1979); American Paper
Stock Co. v. Howard, 528 S.W.2d 576, 577 (Tex. 1975); see also Long v. Castle Texas Prod. Ltd. P’ship, 330 S.W.3d 749, 753 (Tex. App.—Tyler
2010, no pet. h.) (holding that, when case is affirmed in part and reversed and
remanded in part, prevailing party is entitled to judgment interest from the
date of original judgment “because it is the date upon which the trial court
should have rendered a correct judgment”). 
To change the interest rate in the judgment after the limited remand would
be to retroactively alter the original judgment when the trial court had no
authority to do so.  Denton Cnty., 139 S.W.3d at 203.

          We overrule this portion of Williams’s
second issue.   

Conclusion

          We
affirm the trial court’s order dismissing Marleen’s claim for family allowance.  

 

 

                                                                   Harvey
Brown

                                                                   Justice


 

Panel consists of Chief
Justice Radack and Justices Sharp and Brown.











[1]           See Tex. Prob.
Code Ann. § 286 (West 2003).  





[2]
       Marleen’s motion was styled, in part, a motion
to dismiss.  However, she asked for
dismissal or nonsuit of her claim for family allowance.  We consider Marleen’s motion a request for a
nonsuit.  See Tex. R.  Civ. 
P. 162 (entitled “Dismissal or Non-Suit”); see also Ton’s Remodeling v.
Fung’s Kitchen, Inc., No. 01-05-01077-CV, 2007 WL 1776030, at *5 (Tex. App.—Houston
[1st Dist.] June 21, 2007, pet. denied) (“To take a non-suit, a party may file a written motion
to dismiss.”) (citing Cook
v. Nacogdoches Anesthesia Group, L.L.P., 167 S.W.3d 476, 482 (Tex.
App.—Tyler 2005, no pet.)).





[3]
          The other cases are Denton Cnty. Tex. v. Brammer, 361 S.W.2d
198 (Tex. 1962), Bevil v. Johnson,
307 S.W.2d 85 (1957), and Callahan v.
Staples, 161 S.W.2d 489 (Tex. 1942), all of which are cited in Owens for authority to dismiss a case
that has not been prosecuted with diligence. 
See
Owens, 437 S.W.2d at 661. 
We note that none of those cases involved either a case on remand after
appeal or a case with severable claims.  Owens, however, involved multiple claims—a
claim for each year that taxes were not paid. 
See id.  Of the cases cited by Williams, Owens is the most analogous to the
instant case.





[4]           The applicable interest rate when the
trial court rendered judgment on May 1, 1997 was ten percent.  See
Act of May 8, 1987, 70th Leg., R.S., ch. 154, § 1, art. 1.05, sec. 2. 1987 Gen.
Laws 1313, 1314 (current version at Tex. Fin. Code Ann. § 304.003(c) (West 2006)).  The applicable interest rate in January 2010
was five percent.  See Tex. Fin. Code Ann.
§ 304.003(c) (West 2003).