Opinion issued August 2, 2016



In The

# Court of Appeals

For The

## First District of Texas

————————————

### NO. 01-16-00428-CV

————————————

**REYNALDO MORALES, Appellant**

**V.**

**TRAVELERS INDEMNITY CO. OF CONNECTICUT, Appellee**

---

On Appeal from the 165th District Court
Harris County, Texas
Trial Court Case No. 2013-54065

---

## MEMORANDUM OPINION

Reynaldo Morales attempts to appeal a dismissal order that he says was signed on January 11, 2016. We dismiss the appeal for lack of jurisdiction.

On May 19, 2016, Morales filed his notice of appeal, contending he was appealing an order dismissing the case under Texas Rule of Civil Procedure 165a.

Contrary to Rule 25.1(d)(2), the notice does not state the date of the judgment or order Morales is appealing. TEX. R. APP. P. 25.1(d)(2). The final judgment in this cause was signed in March 2014 and was appealed to this Court. *See Morales v. Travelers Indem. Co.*, No. 01–14–00429–CV, 2014 WL 7340374, at \*1 (Tex. App.—Houston [1st Dist.] Dec. 18, 2014, pet. denied) (mem. op.), *cert. denied*, 130 S. Ct. 485 (2015). Our opinion, affirming the trial court's judgment, issued on December 18, 2014. *See id.* Mandate issued on June 5, 2015.

On June 10, 2016, Travelers requested that we dismiss this appeal and enclosed an order signed by the trial court on April 21, 2016. The April 21 order states that Morales appealed the March 20, 2014 judgment, the First Court of Appeals affirmed the judgment on December 18, 2014, and mandate issued in June 2015. Accordingly, the trial court observed that its judgment is final for all purposes and it has no authority to consider or rule on any further motions.[1] The trial court, therefore, declined to rule on any motions filed after mandate issued. Given the time of filing, it appears that Morales appeals this order.

---

[1] "When an appellate court affirms a trial court's judgment or renders the judgment that the trial court should have rendered, that judgment becomes the judgment of both courts." *Denton Cnty. v. Tarrant Cnty.*, 139 S.W.3d 22, 23 (Tex. App.—Fort Worth 2004, pet. denied). After mandate issues, the trial court has no jurisdiction to review or interpret the appellate court's judgment, but must carry out the mandate. *See id.*; *see also* TEX. R. APP. P. 51.1(b) (once mandate issues, trial court must enforce appellate court judgment). The trial court does not have authority to issue an order that exceeds the mandate. *See Beeler v. Fuqua*, No. 09–07–358–CV, 2007 WL 2962799, at \* 1 (Tex. App.—Beaumont Oct. 11, 2007, pet. denied) (mem. op.).

On June 14, 2016, we issued a notice that this appeal was subject to dismissal for lack of jurisdiction[2] and requested a response by June 24, 2016, showing that we had jurisdiction. Morales filed a response to Travelers' request and a brief that asserted this Court has jurisdiction. In these two responses, Morales merely asserts facts and does not establish that this Court has jurisdiction.

Accordingly, we dismiss this appeal for lack of jurisdiction. TEX. R. APP. P. 43.2(f). All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Brown, and Huddle.

---

[2] Generally, no appeal may be taken from a post-judgment order that is not inconsistent with, and does not materially change, the original judgment. *See Beeler*, 2007 WL 2962799, at *1 (citing *Pope v. Gaffney*, No. 04–05–00413–CV, 2006 WL 1684661, at *2 (Tex. App.—San Antonio Jun. 21, 2006, pet. denied) (mem. op.).