

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

## No. 08-25-00325-CV

---

## In re Eleazer M. Masimula, Relator

---

## AN ORIGINAL PROCEEDING IN MANDAMUS

---

## MEMORANDUM OPINION

On December 4, 2025, Relator, Eleazer M. Masimula, filed a petition for writ of mandamus. In his petition, Masimula requests that this Court order the trial court (1) to "[v]acate any orders, docket entries, arrearage calculations, income-withholding instruments, or other enforcement measures based on" an order in Masimula's final divorce decree requiring him to pay a lump sum of $2,310 in unpaid interim spousal maintenance; and (2) to implement our judgment in cause number 08-24-00084-CV—Masimula's appeal from the divorce decree—"by eliminating any monetary obligation arising from" the unpaid interim spousal maintenance award.

Masimula's petition does not include a record and an appendix containing sworn or certified copies of any documents showing the matter complained of and all documents that are material to Masimula's claim for relief and therefore does not comply with the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 52.3(k)(1)(B), 52.7(a).

Moreover, even if Masimula's petition complied with the rules, a relator seeking mandamus relief must establish that the trial court failed to perform a ministerial duty or committed a clear abuse of discretion and that the relator lacks an adequate remedy by way of appeal. *See In re UpCurve Energy Parters*, 632 S.W.3d 254, 256 (Tex. App.—El Paso 2021, orig. proceeding); *In re Phillips*, 496 S.W.3d 769, 774 (Tex. 2016); *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding). A trial court abuses its discretion when it makes a ruling that is arbitrary and unreasonable, without regard for guiding legal principles or supporting evidence, or when it fails to analyze or apply the law correctly. *Nationwide Ins. Co. of Am.*, 494 S.W.3d at 712.

Further, "[w]hen an appellate court affirms a trial court's judgment or renders the judgment that the trial court should have rendered, that judgment becomes the judgment of both courts." *Denton Cnty. v. Tarrant Cnty.*, 139 S.W.3d 22, 23 (Tex. App.—Fort Worth 2004, pet. denied); *see In re A.H.S.*, 676 S.W.3d 355, 359 (Tex. App.—Tyler 2023, pet. denied); *Cessna Aircraft Co. v. Aircraft Network, LLC*, 345 S.W.3d 139, 144 (Tex. App.—Dallas 2011, no pet.). A trial court lacks jurisdiction to review or interpret an appellate court's judgment; the trial court "must observe and carry out the mandate of the appellate court, and its orders carrying out the mandate are ministerial." *Denton Cnty.*, 139 S.W.3d at 23; *see Cessna Aircraft Co.*, 345 S.W.3d at 144.

Here, the trial court signed a Default Final Decree of Divorce on April 11, 2024, in which the trial court granted the divorce, dissolved the marriage, and divided the marital property. *See*

*Masimula v. Masimula*, No. 08-24-00084-CV, 2025 WL 1387788, at *2 (Tex. App.—El Paso May 13, 2025, no pet.) (mem. op.). In addition, the trial court "awarded to [the real party in interest] court-ordered maintenance for a period of 18 months in the amount of $1,375 per month" and "ordered [Masimula] to pay the lump sum of $2,310 to [the real party in interest] representing unpaid interim spousal maintenance." *Id.* After Masimula appealed, we reversed the trial court's award of post-divorce spousal maintenance, rendered judgment that the real party in interest take nothing on the post-divorce spousal maintenance claim, modified "the final divorce decree to remove the award of spousal maintenance in the amount of $1,375 a month for 18 months," and affirmed the divorce decree—including the lump sum award for unpaid interim spousal maintenance—as modified.[1] *Id.* at *7. Masimula now requests, in this mandamus proceeding, an order from this Court (1) directing the trial court to vacate any actions the trial court has taken to enforce the portion of the final divorce decree awarding $2,310 in unpaid interim spousal maintenance to the real party in interest and (2) requiring the trial court to eliminate the award of unpaid interim spousal maintenance.

To be entitled to his requested mandamus relief, Masimula must demonstrate that the trial court acted arbitrarily and unreasonably by enforcing the divorce decree's award of unpaid interim spousal maintenance and must establish that the trial court has a ministerial duty to eliminate the unpaid interim spousal maintenance award. *See UpCurve Energy Partners*, 632 S.W.3d at 256; *Phillips*, 496 S.W.3d at 774; *Nationwide Ins. Co. of Am.*, 494 S.W.3d at 712. But we affirmed the

---

[1] In our opinion, we explained that the trial court abused its discretion by awarding the real party in interest post-divorce spousal maintenance because the trial court's divorce decree was a default judgment, the real party in interest had not requested post-divorce spousal maintenance in her pleadings, and a default judgment not supported by a pleading is erroneous. *Masimula v. Masimula*, No. 08-24-00084-CV, 2025 WL 1387788, at *6 (Tex. App.—El Paso May 13, 2025, no pet.) (mem. op.). We noted, however, that it could "be concluded that the issue of temporary support was tried by consent," because Masimula "was present and did not object to the trial court's interim order" requiring him to pay temporary support. *Id.* at *6. n.4. Ultimately, we modified the final divorce decree by removing the award of post-divorce spousal maintenance in the amount of $1,375 per month for a period of 18 months, but we did not modify the trial court's order requiring Masimula to pay $2,310 in unpaid temporary support. *Id.* at *7.

award of unpaid spousal maintenance in our opinion and judgment in cause number 08-24-00084-CV—Masimula's appeal from the divorce decree—and the trial court has a ministerial duty to enforce our judgment. *See Denton Cnty.*, 139 S.W.3d at 23; *Cessna Aircraft Co.*, 345 S.W.3d at 144. Thus, the trial court has a ministerial duty *to enforce* the unpaid interim spousal maintenance award.

As a result, Masimula has failed to establish that he is entitled to an order directing the trial court to vacate any orders enforcing the unpaid interim spousal maintenance award or to an order requiring the trial court to eliminate the unpaid interim spousal maintenance award. *See Denton Cnty.*, 139 S.W.3d at 23; *Cessna Aircraft Co.*, 345 S.W.3d at 144. Masimula has therefore failed to establish a right to mandamus relief.

Accordingly, we deny the petition for writ of mandamus. We dismiss any pending motions as moot.


GINA M. PALAFOX, Justice

December 18, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.